## JORDAN V. WINSER AND SNYDER.

1. **Practice:** TRIAL DE NOVO. Where on appeal it was determined that the appellant was not entitled to a trial *de novo*, but the cause was determined upon the errors assigned, and the decree was reversed, a *procedendo* in the usual form issuing to the court below, the appellant was not entitled upon the remand to a judgment, but the cause stood for trial anew like a law action, notwithstanding it may have involved an equitable issue.

*Appeal from Keokuk District Court.*

WEDNESDAY, APRIL 17.

IN July, 1875, plaintiff commenced an action against the defendant Winser, for the foreclosure of two mortgages upon certain real estate. .

In August, 1875, G. F. Snyder intervened in the action, claiming that before the mortgages were executed, he sold and conveyed the mortgaged premises to Winser, and that $1,200 of the purchase money was yet due and owing, and that at the time plaintiff's intestate purchased said mortgages he had actual notice of the intervenor's said. claim, and that

the same was for said purchase money. He prayed that his claim be decreed superior to plaintiff's mortgages.

Upon these pleadings there was a trial, and it appeared from the evidence that Winser purchased the land of Snyder in 1870, and that $1,150 of the purchase money was still unpaid; that no note, or other writing, was given therefor; that a conveyance of the land was executed and delivered at the time of the purchase, and that the original mortgagee had full knowledge, when he took his mortgage, that this purchase money had not been paid. It was further shown that at the time plaintiff's intestate purchased said note and mortgage from Storm, the mortgagee, and took an additional mortgage, he knew of said claim of Snyder, and that it was for the purchase money, and unpaid.

It was found by the court that plaintiff's lien was superior to the *lien of the intervenor*, notwithstanding the notice of the claim of Snyder. From the decree Snyder appealed to this court.

It was held in this court that appellant was not entitled to a trial *de novo*, but the cause was determined upon the errors assigned the same as a law action. The decree was reversed, and a *procedendo* in the usual form was issued.

After the cause was remanded Snyder filed his motion for judgment and decree "in accordance with the judgment and opinion of the Supreme Court." The motion was sustained, to which the plaintiff at the time excepted. A decree was entered reversing the priority of the liens as found in the first decree.

Plaintiff appeals.

*Woodin & McJunkin*, for appellant.

*C. M. Brown* and *D. P. Stubbs*, for appellee.

ROTHROCK, CH. J.—I. The basis of the first decree in the court below was that section 1940 of the Code, which requires

vendors' liens to be evidenced by conveyance, mortgage, or other instrument, duly acknowledged and recorded, applied to liens which accrued prior to the Code. In this view it was entirely immaterial whether or not Jordan knew of Snyder's claim at the time he took his lien. Upon appeal this court held that sec. 1940 had no application to this action, because the vendor's lien existed before the Code took effect. The question of the notice of the lien then became material.

*1. PRACTICE: trial anew.*

When the cause was reversed and remanded, it stood for trial anew upon the evidence, the same as a law action. There was no finding of facts, or special verdict, upon which this court could render judgment, or order the court below to render judgment without a trial. Upon being remanded, it was the right of plaintiff to have a new trial.

II. It is urged that no request was made by plaintiff for a new trial, or to introduce evidence. As the cause stood for trial anew no request for a trial was necessary. It was the plaintiff's right to have the trial when the cause was reached for that purpose, without motion or request. This was denied him by sustaining the motion over his objection, and entering a decree against his protest.

REVERSED.