## KERSHMAN, ADM'R, v. SWHELA.

1. **Depositions:** TAKEN AFTER DEATH OF PARTY: NOT EVIDENCE. Where the plaintiff in an action gave notice of taking depositions, but died before the day named, and no one was substituted as plaintiff in his stead, but the depositions were taken, *held* that, in the same action, after plaintiff's administrator had been substituted as plaintiff, the court should have sustained defendant's motion to strike from the files or suppress the deposition, as it was binding neither on the substituted plaintiff, nor on the defendant.

*Appeal from Chickasaw Circuit Court.*

FRIDAY, JUNE 16.

In February, 1880, A. Kershman, deceased, filed a petition stating that he had purchased of one Marsh certain described

real estate upon which defendant had a mortgage; that before he paid Marsh for the land, defendant agreed he would release the same from the mortgage; that he did pay said Marsh, but defendant refused to release and had foreclosed the mortgage; that defendant was prevented from appearing in said action to foreclose the mortgage because of unavoidable casualty which was occasioned by his sickness and insanity. The relief asked was that the decree of foreclosure be set aside and for such other relief as was equitable. Defendant denied the allegations of the petition, and the court ordered the evidence to be taken in the form of depositions.

In March, 1881, a substituted petition was filed by the present plaintiff, and she was substituted as plaintiff. The defendant denied the allegations of the substituted petition. Judgment for the plaintiff, and defendant appeals.

*Brown & Portman*, for appellant.

No appearance for appellee.

SEEVERS, CH. J.—During the lifetime of A. Kershman a notice was served on the defendant that he would take the depositions of certain witnesses on the 20th day of July, 1880. Kershman died on the 18th day of said month. Notwithstanding this fact, the depositions were taken, the defendant declining to appear because of the death of the plaintiff in the action, and there had not been any person substituted in his stead.

At the proper time the defendant filed a motion to strike from the files or suppress the depositions, because at the time they were taken there was no plaintiff in the action, which motion was overruled and the cause afterward submitted to the court.

We think the court erred in not sustaining the motion. When A. Kershman died there was no plaintiff in the action, and depositions could not be legally taken. The rights of whoever might be substituted as plaintiff would not be bound

by depositions thus taken. Nor would the defendant. Eliminating such evidence from the record there is no doubt the court erred in rendering judgment for the plaintiffs.

REVERSED.