KERSHMAN, ADM'R, v. SWEHLA.

1. **Practice in Supreme Court:** REVIEW OF EQUITY CASE UPON ERRORS. Where upon the trial of an equity case the court errs in overruling a motion to suppress a deposition taken without authority of law, and, upon an appeal of the cause to this court, such ruling is assigned as error, this court cannot, on account of the condition of the evidence, try the cause *de novo* upon its merits, but will review it upon the error assigned, and remand it to the court below.

2. **Practice upon Procedendo:** DUTY OF COURT. Where an appeal is taken in an equity case, and it is reviewed upon errors, and remanded to the court below on account of error in admitting a deposition on the part of plaintiff taken without authority of law, the court below, upon *procedendo*, can neither dismiss the cause nor render a decree for defendant, but must try the case anew upon its merits, correcting the errors pointed out in the decision of this court.

3. **Practice in Supreme Court:** RULINGS NOT APPEALED FROM NOT CONSIDERED. Errors in rulings not appealed from cannot be considered in this court.

*Appeal from Chickasaw Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION IN CHANCERY. The appeal in this case was taken by defendant from the order of the circuit court overruling

his motion to enter a decree upon a *procedendo* issued by this court. The facts of the case upon which the decision is based appear in the opinion.

*Brown and Portman,* for appellant.

*A. C. Boylan,* for appellee.

BECK, J.—I. Upon a former appeal by defendant in this case, the judgment of the circuit court was reversed, and the cause was thereupon remanded to the court below. See 59 Iowa, 93. Upon the filing of a *procedendo* in the circuit court, the defendant moved that a decree be entered in his favor. The motion was overruled, and from this decision defendant appeals.

II. Upon the former appeal the decree, which was against defendant, was reversed, on the ground that the circuit court erred in overruling a motion to suppress certain depositions. This decision was to the effect that the depositions were taken without authority of law, and, for that reason, were not competent to be read in evidence. Of course, as the depositions were not admissible as evidence in the circuit court, they were not competent evidence in this court. The evidence embodied in them was not considered. The cause was not tried *de novo* on its merits, but was remanded for further proceedings in the court below. The reason that it was not tried here on its merits was that the evidence for the plaintiff was not in a form to be lawfully admitted. As the cause was not triable *de novo*, it was competent for the court to review it upon errors assigned. *Cross v. The B. & S. W. R'y Co.,* 51 Iowa, 683. Upon discovering that errors had been committed, by reason of which the cause could not be tried upon its merits, it was the duty of this court to remand the cause to the end that the decision of the court below should be corrected. It was neither proper to dismiss plaintiff's action, nor to render a decree for defendant. In case either had been done, justice would have been defeated by a decision

without a trial in which the real merits of the controversy were brought before the court for decision. For the same reason, when the cause was remanded, the court below could neither dismiss it nor render a decree for defendant, but was required, to try it anew, correcting the errors pointed out in the decision of this court. *Jordan v. Winser & Snyder,* 48 Iowa, 180; *Sweet, Ex'r., v. Brown et al.,* 61 Id., 669. The circuit court rightly overruled defendant's motion for a decree in his favor.

III. The plaintiff asked for time to file affidavits to show that no appeal had been taken in the case, etc. This application was refused, and the cause was continued and set down for trial upon deposition. As plaintiff did not appeal, and defendant does not complain of these rulings, we cannot review them. It may be remarked that, as the cause was continued, plaintiff had what he asked for—time to file affidavits. And the court, in setting the cause down for trial on depositions, acted under authority of the statute. Code, § 2742. The decision of the circuit court is

AFFIRMED.