FRANK WATSON v. NOAH BARTHOLOMEW and IDA BARTHOLOMEW, Appellants.

**Action: ELECTION.** In an action where the plaintiff alleges that he purchased a lot of the defendants which they falsely represented to be a certain number and that he took a conveyance from them by that description, which does not cover the land contracted for, 2 by reason of which he seek a rescission of the sale and a recovery of damages, he will not be required to elect between a claim on the covenants of the deed or for damages because of fraud and misrepresentation, though Code of 1873, section 2646, provided that a petition which alleged more than one cause of action might be separated into counts.

**Transfer to Equity.** Where plaintiff in an action for damages, on 1 rescinding a contract for alleged false representations on the part of the defendants, asks only a money judgment, such action can only be at law.

**SAME.** In an action for damages on rescinding a contract for the 1 purchase of real estate, the question as to the forum in which such cause should proceed was not affected by a prayer that a certain portion of plaintiff's recovery be ordered paid to one who was not a party to such action, and that plaintiff be required to reconvey to defendants.

**SAME.** Where plaintiff alleged, as ground for recovery in an action for damages on rescinding a contract for the purchase of a certain lot, that defendants falsely represented such lot as described by a certain number, and that the lot was described by such number in 1 the conveyance which he received from them, but that such description did not cover the lot purchased, the court erred in transferring the cause to the equity docket, and thus depriving defendants of their right to a trial by jury.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, OCTOBER 25, 1898.

PLAINTIFF began proceedings in this case by filing a petition at law, asking damages. Thereafter he filed a substituted petition, which, though quite lengthy, we are compelled to set out in full, in order that the issues may be fully understood. It is in these words: "(1) That on or about May 1, 1890, defendants represented to plaintiff that they were the owners of a certain lot, which plaintiff then desired to buy, and which defendants claimed was platted and described as lot 19 in Gaston's subdivision of lot 37, etc. (2) That on May 26, 1890, plaintiff bought of defendants said lot for two hundred dollars, and on the same day defendants conveyed said lot to plaintiff as lot 19 aforesaid; said conveyance being in the form of an ordinary warranty deed. (3) Prior to making improvements upon said lot by plaintiff as hereinafter stated, and about October 1, 1890, defendants, at the request of plaintiff, measured off to plaintiff said lot, and then stated that said lot was No. 19 in said addition, and was the property of defendants. (4) Immediately after the happening of the matters above stated, plaintiff proceeded to improve said lot by grading same, setting out trees, digging well, and building a residence thereon, at an expense of about twelve hundred dollars. (5) That about December 1, 1891, plaintiff discovered that the lot selected and bought by him was not lot 19, and thereupon communicated said fact to defendants; whereupon defendants stated to plaintiff that said lot was No. 20 of said addition, and thereupon defendants deeded to plaintiff lot 20 of said addition; the deed therefor being an ordinary warranty deed, containing the additional provisions: 'This deed is made to correct a deed in which the wrong lot was conveyed, dated, May 26, 1890.' That thereupon plaintiff deeded lot 19 back to defendants. (6) That about January 1, 1894,

plaintiff discovered that the lot so selected and bought by him of defendants was neither lot 19 nor lot 20 of said addition, but was lot 21 thereof, and was the property of one W. H. Clifford. (7) That immediately thereafter plaintiff communicated such fact to defendants, and demanded of them that they protect his title to said lot, and make good their covenants in said deed, but that defendants refused and still refuse so to do, or to make any other reparation to this plaintiff. (8) That since the beginning of this suit, and December 20, 1894, said W. H. Clifford began a suit at law in this court against this plaintiff to recover possession of said lot, and for damages. The files of said action are hereby made a part hereof, as fully as if set out at length. (9) That since the bringing of said suit by said Clifford this plaintiff, acting in good faith, and for the best interests of all parties concerned, has settled with said Clifford, and has bought said lot 21 in said addition, and paid him therefor the sum of three hundred dollars, which amount plaintiff says said lot was reasonably and fairly worth at the time of said settlement. (10) That plaintiff is a poor man, and all the property he has is invested in said lot and improvements thereon, and that when making said improvements he was compelled to borrow money on said lot, and did borrow of the Iowa Loan & Trust Company, on said lot, the sum of three hundred dollars, and mortgaged said lot to said company; describing the same in said mortgage as the same was described by defendants in said deed of December 5, 1891. (11) In making said settlement with said Clifford, plaintiff was compelled to borrow money with which to pay for said lot, and that plaintiff did borrow of the Iowa Loan & Trust Company the further sum of three hundred dollars, and gave to said Iowa Loan & Trust Company a mortgage on both of said lots 20 and 21 for the sum of six hundred dollars; said amount being the sum of both said loans, and the last loan being procured on ——, and the note and mortgage representing the same being dated, April 30, 1895. (12) That defendants carelessly, negligently, and fraudu-

lently made to plaintiff the statements and representations alleged concerning their ownership of said lot, and their right to convey the same, and to plaintiff's damage as hereinafter shown. (13) That defendants have failed and refused, and now fail and refuse, to defend said premises against the lawful claims of all persons whomsoever, and principally against the claims of said Clifford, to plaintiff's damage as hereinafter shown. (14) That said lot so selected by plaintiff and bought of defendants was not the property of defendants, and defendants never had any title or right to sell and convey the same, and that the statements and representations made by defendants as aforesaid were false and fraudulent, and known to be so by defendants when made. (15). That said statements of defendants to plaintiff were made with intent to mislead and defraud plaintiff, and for the purpose of causing plaintiff to part with his money without consideration. (16) That the statements and representations so made by the defendants were relied upon by the plaintiff and believed by him to be true when made, and that so relying and believing said statements, plaintiff was induced to buy said property of defendants, to his damage as hereinafter shown. (17) That by reason of the foregoing plaintiff has been damaged in the manner and amounts following:

To amount paid defendant for said lot. . . . . . . . . . . $200 00
To interest on same at 8 per cent., May 26, '90, to
    Dec. 26, '95. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     85 35
To 5 days' time changing deeds of lots 19, 20 . . . . . .     10 00
To recording deeds of lots 19, 20 . . . . . . . . . . . . . .      1 50
Taxes paid on lots 19, 20, and interest. . . . . . . . . . .     20 00
To 3 days trying to induce defendants to correct
    error and protect title to lot 21 . . . . . . . . . . . . . . .      6 00
To amount paid attorney conducting suit Clifford
    vs. Watson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    100 00
To time lost attending suit of Clifford vs. Watson. .     10 00
To abstract of lot 21, and recording fees in making
    loan on said lot . . . . . . . . . . . . . . . . . . . . . . . . . .      4 65

To amount paid Clifford in excess of agreed price
on lot 21 ................................ 100 00
To interest on said $100 from April 30, 1895, to
Sept. 28, 1895 ........................... 3 35
To amount for attorney's fees in prosecuting this
suit .................................... 150 00

Total ............................... $690 85

—Wherefore plaintiff prays judgment against defendants for
the sum of six hundred and ninety dollars and eighty-five
cents, with interest and costs; and the sum of three hundred
dollars of said judgment be ordered paid to the Iowa Loan
& Trust Company, so as to reduce plaintiff's mortgage upon
said lot 21 to the original sum by plaintiff borrowed from
said company upon said lot, and that upon the payment of
said sum of three hundred dollars to said company by said
defendants the said company be ordered and required to
release its said mortgage upon said lot 20; and that this plain-
tiff be then ordered and required to transfer said lot 20 back
to defendants, or that the said deed thereto from defend-
ants to plaintiff be cancelled; and for such other and
further relief as may be equitable in the premises."
Thereafter plaintiff filed a motion to transfer the cause
to the equity docket. This motion was sustained, defend-
ants duly excepting. Plaintiff then filed this amend-
ment to the petition: "(1) That plaintiff has procured
from the Iowa Loan & Trust Company a release of said
mortgage on lot 20, and hereby tenders the same to defend-
ants; a copy of said release being hereto attached, marked
'Exhibit C.' (2) Plaintiff has executed, and hereby tenders
to defendants, a special warranty deed of said lot 20; a copy
of said deed being hereto attached, marked 'Exhibit D.' (3)
Plaintiff further says that in borrowing the further sum of
three hundred dollars of the Iowa Loan & Trust Company,
and in executing the mortgage for six hundred dollars on
lots 20 and 21, on April 20, 1895, as set out in paragraph 11
of the amended and substituted petition, plaintiff had no
thought or intention of ratifying the deed made and so given

by defendants to plaintiffs for said lot 20, but said mortgage so given by plaintiff upon both of said lots 20 and 21 was demanded to be so done by said company, and that said plaintiff being without any money with which to pay said Clifford and settle with him, and being unable to procure said money from any other party or in any other way than the same was procured, and acting in good faith, and only with the intention and purpose of protecting himself, and also for the purpose herein stated, and by reason of defendants' failure and refusal to make good their covenants in said deed, this plaintiff was forced and obliged to make and execute said mortgage upon said lots.   Wherefore plaintiff prays judgment against defendants for the damages shown in his amended and substituted petition, in the sum of six hundred and ninety dollars and eighty-five cents; that whatever contract may have existed between plaintiff and defendants in reference to said lot 20 by reason of the matters and things stated herein and in the amended and substituted petition be rescinded; and for such other relief as may be equitable." The next action taken was by defendants, who moved the court to compel plaintiff to elect on which cause of action he relied,—whether he claimed on the covenants of the deed, or for damages because of fraud and misrepresentation,—and also moved to strike from the petition paragraphs 4, 8, 9, 10, 11, and 13, and from the amendment paragraphs 1, 2, and 3, and all of paragraph 17 of the original petition, except the first two items.   This motion was overruled, and the ruling excepted to in proper form.   A demurrer was then interposed by defendants, and overruled by the court.   Defendants answered, putting in issue the allegations of the petition.   There was a trial to the court, and a decree canceling the deed to plaintiff of lot 20, and awarding judgment against defendants for the sum of three hundred and thirty-five dollars and fifty cents, with interest thereon at eight per cent. from June 6, 1896, and making the sum a special lien on said lot 20.   Defendants appeal.—
*Reversed.*

*Bishop, Bowen & Fleming* for appellants.

*Joseph H. Jones* for appelle.

WATERMAN, J.—The first claim urged is that the case made by plaintiff is a strictly legal one, and that the court erred in transferring it to the equity docket, thus depriving defendants of a jury trial. The gist of plaintiff's action is that he purchased of defendants a certain lot, which they falsely represented to be lot No. 20, and that he took a conveyance from them by that description; that the description does not cover the land contracted for, and he desires to rescind the sale. Stripped of much verbiage and many immaterial allegations, this is the case. If plaintiff had given some specific property for the lot, and, on a rescission, desired to have it reconveyed to him, equity would have been the proper forum; but that is not this case. If plaintiff desires to rescind, and has grounds for so doing, he needs only to tender back a deed for the lot, and he then has a right of action at law. And where, as in this case, he asks only a money judgment against defendants, his action can be at law only. The prayer that three hundred dollars of the amount of the recovery be ordered paid to the Iowa Loan & Trust Company, and that he (plaintiff) be required to reconvey lot 20 to defendants, involves somewhat peculiar requests, but they are not of a character to affect the question of what forum the action should proceed in. The trust company is not a party to this suit. If it is entitled to any part of the judgment plaintiff may recover, he does not need the aid of any court to enable him to pay it. Nor does he need the court's decree against himself before tendering the deed to defendants. No court could prevent him from taking steps to rescind the sale, if he sees fit to do so. We cannot discern any matter of equitable cognizance in the case. In any possible view, it seems but an action for damages. We think the court erred in transferring the cause to the equity docket, and thus depriving defendants of their right to a trial by jury.

II.  What we have said disposes of the case, so far as this court is concerned; and inasmuch as there must be another trial, and before a jury, if defendants demand it, we shall express no opinion upon the merits of the case.  On the motion to compel plaintiff to elect as to his cause of action, and also on that to strike, it may be for the interest of the parties that we say something.  While plaintiff might well have been required to separate his petition into counts (Code 1873, section 2646, subd. 5), we can see no reason for putting him to an election.  On this ground the motion should have been overruled.  On all other grounds it should have been sustained.  The case will be remanded for proceedings at law.  That such is the proper order here, see *Kershman v. Swehla,* 62 Iowa, 654; *Jordan v. Winser,* 48 Iowa, 180.  Under this order, there is no other question in the case that requires notice at this time.  REVERSED.