THE DISTRICT TOWNSHIP OF GRANT v. BULLES.

1. **Procedure**: LAW OR EQUITY: REFERENCE. An action to recover upon an award is clearly an action at law; and so is an action by a school district to recover against its treasurer for money received and converted to his own use. In an action involving only such issues, the parties are entitled to a trial by jury, and hence it is error for the court to refer it to a referee, against the objection of a party. *McMartin v. Bingham*, 27 Iowa, 234, followed.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, OCTOBER 13.

THERE are three counts in the petition. There is no material difference between the first and second, and therein it is stated that the defendant was elected and qualified as treasurer of the plaintiff, and that, as such, he received certain money which he failed to account for as provided by law, and that he converted the same to his own use. The third count states that there were certain disputes and differences between plaintiff and defendant, which were submitted to certain named persons, and that they found that the defendant was indebted to the plaintiff in the sum of $1,652.52, which the defendant failed and refused to pay. By reason of the premises, the plaintiff asked judgment. The defendant pleaded a general denial, the statute of limitations, and that he had fully accounted for all money which came into his hands. On motion of the plaintiff, and against the objections of the defendant, the cause was referred to a referee, and upon the coming in of his report a judgment was rendered against the defendant, from which he appeals.

*Henley & Hemingway*, for appellant.

No appearance for appellee.

SEEVERS, J.—The only error assigned which we deem it necessary to determine is whether the court erred in making a compulsory reference, and this depends on the question whether this is an action at law or in chancery. The third count, which is based on the award, is clearly an action at law. There is not a single element which pertains to the jurisdiction of equity involved in the determination of the issue formed on such count. It is equally clear, we think, that the other issues are such as obtain in actions at law. It is sought, in the first and second counts, to recover for money which the defendant, as treasurer of the plaintiff, received and converted to his own use. This, clearly, to our minds, does not present issues which ever have been recognized as cognizable in equity. There is a clear distinction between this case and *Blair Town Lot and Land Co. v. Walker*, 50 Iowa, 376. In this case, under the first two counts, all the plaintiff has to establish in order to recover is the amount of money received by the defendant, and his failure to account therefor. The issues are exceedingly simple,—much more so than in *McMartin v. Bingham*, 27 Id., 234; and, following that case, we think the court erred in referring it, and thereby depriving the defendant of the right of trial by jury, to which, under the constitution, he is entitled. The statute now in force is substantially the same as when the case last cited was determined. We therefore deem it unnecessary to state the reasons at length upon which our conclusion is based, deeming it sufficient to say that the ground is fully covered by the opinion in said case. A reference to it is therefore all that is required.

REVERSED.