NELLIE H. HANAN, Plaintiff, Appellee, v. W. J. MESSENGER et al., Defendants, Appellants.

**JURIES:** Right to Jury Trial—Simple Action for Money. An action to recover a money judgment, unaccompanied by any equitable issue, has no place on the equity side of the calendar. The defendant has an unqualified right to jury trial.

*Appeal from Oelwein Superior Court.*—HON. E. J. O'CONNER, Judge.

FRIDAY, JANUARY 22, 1915.

THIS is a law action brought on the equity side of the calendar. Motion to transfer to the law calendar overruled and defendants appeal.—*Reversed.*

*Cook & Cook,* for appellants.

*W. B. Ingersoll,* for appellee.

GAYNOR, J.—On January 31, 1913, the plaintiff filed the following petition:

"That on the 28th day of January, 1911, the defendants were the owners in fee simple of the following described real estate situated in Buchanan County, Iowa, to wit: The Northeast quarter (¼) of the Northeast quarter (¼) of Section three (3) Township eighty-nine (89), North, Range nine (9) west of the Fifth P. M.

"That on or about the 28th day of January, 1911, the said defendants listed said real estate for sale with the real estate firm of Smith Brothers in the City of Oelwein in Fayette County, Iowa, for sale.

"That at the time the said defendants listed said real estate for sale with the said firm of Smith Bros., as above stated, they represented to the said firm of Smith Bros. that said tract of land above described contained forty-seven and ninety-five one hundredths acres.

"That the said firm of Smith Bros. while acting as the agents of said defendants priced the above described tract of land at the sum of one hundred and fifteen ($115.00) per acre to plaintiff, and that thereafter during the said year, 1911, took this plaintiff to see said land and view the same, and that at this time the said defendants represented to this plaintiff that there were forty-seven and ninety-five one-hundredths acres of land in said tract contained.

"And that thereafter during the year 1911, this plaintiff entered into a written contract with the defendants, whereby and wherein plaintiff contracted to take said above described land of and from the defendants for the sum of one hundred and fifteen dollars per acre, which contract was in writing, but plaintiff is unable to attach a copy of the same to this petition for the reason that she has lost the same.

"That on or about the 11th day of December, 1911, the plaintiff relying upon the representations made by the defendants, that there was forty-seven and ninety-five one hun-

dredths acres of land in the northeast quarter of the northeast quarter of Section three, Township eighty-nine, North, Range Nine West of the Fifth P. M. in Buchanan County, Iowa, contained, purchased of and from said defendants said tract of land at the agreed price of one hundred and fifteen dollars per acre, and said defendants paid therefor the sum of fifty-five hundred and fourteen dollars and twenty-five cents.

"That said tract of land did not contain forty-seven and ninety-five one hundredths acres of land, the number of acres of land which defendants represented to plaintiff that it did contain, and which number of acres defendants did sell to this plaintiff at the agreed price of one hundred and fifteen dollars per acre, and for which they received payment therefor from this plaintiff; but only contained thirty-nine and twenty-three one hundredths acres and no more, being thereby eight and seventy-two one hundredths acres short the number of acres which the said defendants represented to plaintiff that it did contain, and for which plaintiff has paid to the defendants the sum of one thousand and two dollars and eighty cents, in excess of what she would have paid had she known the true number of acres in said tract contained.

"That by reason of the misrepresentation made by said defendants to plaintiff as to the number of acres which said tract contained, the said defendants have obtained from this plaintiff the sum of one thousand two dollars and eighty cents, which they were not entitled to, and which should be repaid to this plaintiff, which sum is now due and owing this plaintiff, together with six per cent interest thereon from the 11th day of December, 1911.

"Wherefore plaintiff demands judgment against the defendants for the sum of one thousand and two dollars and eighty cents, with interest at the rate of six per cent per annum from the 11th day of December, 1911, together with costs of suit, and for such other and further relief as may be just and equitable in the premises."

Thereafter, the defendants appeared by their attorneys,

Cook & Cook, and moved to transfer the cause to the law side of the calendar for trial. This motion was by the court overruled, and the defendants excepted. Thereupon, the cause was tried as an action in equity over the objection of defendants. At the conclusion of the testimony, the court entered judgment against the defendants for $1,091.85 and $20.85 costs with interest upon the judgment at 6% from June 4, 1913, to all of which the defendants except.

This is a simple action to recover a money judgment based upon misrepresentations as to the number of acres in a certain tract of land sold by the defendants to the plaintiff. There

1. JURIES: right to a jury trial: simple action for money.

is no allegation of mistake, there is no claim of right to rescind the contract; in fact, no equitable issue presented. The defendants are entitled to a jury trial upon the issues presented. The court erred in overruling the defendants' motion to transfer to the law side of the calendar for trial, thereby denying to the defendants the right of trial by jury. The case must be reversed on account of this ruling. It cannot be tried *de novo* here, therefore it is improper for us to enter upon a discussion of the evidence. There must be another trial before a jury if defendants demand it. This case is ruled by *Watson v. Bartholomew,* 106 Iowa 576.

The case is reversed and remanded, with instructions to sustain the motion and transfer the case to the law side of the calendar for trial.—*Reversed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.