MARKS HAT COMPANY, Appellant, v. JOE SLATNIK, Appellee.

**TRIAL:** Proper Calendar—Transfer of Causes—Equity Accounting.
1  Actions involving *mutual* and complicated accounts are often cognizable in equity; but an answer, in an action at law, admitting the receipt of all the items of plaintiff's account, but only pleading *overcharges and failure to allow discounts*, itemized in detail, does

not open the door for a transfer of the action to the equity calendar.

**ACCOUNT STATED:  Implied Assent—Mistake—Due Diligence to Discover.**   The retention of an account rendered, without objection to its correctness, may transform it into an ''account stated,'' conclusive except for fraud, mistake, etc., and the debtor may be guilty of such lack of diligence as to forfeit the right to show the mistake.

**APPEAL AND ERROR:  Abstracts of Record—Preparation—Rules—Violation—Effect.**  ''Preserve everything material to the question to be decided and omit everything else,'' is a rule of such imperative necessity in the preparation of abstracts that a gross violation thereof may lead to a disregard of the errors assigned and to a peremptory affirmance.

PRINCIPLE APPLIED:  An abstract contained 368 pages, two thirds of which were a confusing encumbrance. The objectionable features to over 300 pages were (a) questions and answers in full, (b) answers in full without being purged of immaterial matter, (c) numerous objections and rulings not referred to in argument, and (d) statements of attorneys not pertinent to any error assigned. *Held*, the record showing some support for the verdict, the cause should stand affirmed.

*Appeal from Polk District Court.*—William S. Ayres, Judge.

Saturday, November 20, 1915.

Rehearing Denied Friday, November 17, 1916.

Action on an account. The defendant pleaded overcharges and failure to allow discounts, by way of a set-off. The verdict was for plaintiff for much less than claimed, and from judgment thereon, it appeals.—*Affirmed.*

*Charles F. Maxwell* and *Wm. Wilcoxen,* for appellant.

*Parsons & Mills,* for appellee.

Ladd, J.—I.  The petition alleged, on and between June 21, 1912, and July 28, 1913, the sale of merchandise, set out in

an itemized account attached thereto, amounting to $21,382.80,

1. TRIAL: proper calendar: transfer of causes: equity accounting.

on which payments are credited totaling $16,688.68, leaving a balance of $4,694.12, for which judgment was demanded. The defendant admitted that all the items had been purchased by him and that all payments had been credited, but alleged that, in December, 1909, he entered into an oral agreement with plaintiff, by the terms of which, the latter undertook to furnish defendant hats and fur caps at the factory price plus $1.50 per dozen, and Panama hats at the factory price plus $3 per dozen, and to allow defendant a 6 per cent discount off all bills as these were paid; that plaintiff had omitted to allow discounts in the sum of $1,174.75, and made overcharges amounting to $3,572.36, an itemized statement of which was attached. The reply was a general denial and pleading of accounts stated and promise to pay. Thereupon, the plaintiff moved that the cause be transferred to the equity side of the calendar, and overruling of this motion is the first assigned error. The grounds on which the transfer was sought were: (1) That "an equity accounting is necessary, which said accounting involves a detailed statement of account extending over a long period of years and several thousand separate and distinct items of a very small amount;" and (2) "the doctrine of equity set-offs and equitable estoppel is also involved under the issues as presented by the pleadings in this case." The last ground is not insisted on in argument, and the first is not tenable. The law is well settled that, when the trial exacts the examination of complicated mutual accounts, the cause may properly be transferred to the equity side. *Blair Town Lot & Land Co. v. Walker,* 50 Iowa 376; *White v. Hampton,* 10 Iowa 238; *Burt v. Harrah,* 65 Iowa 643. But where the account is on one side only, or where there are no mutual demands, but merely payments pleaded by way of set-offs, the case is not cognizable in equity. *McMartin v. Bingham,* 27 Iowa 234; *District Township of Grant v. Bulles,* 69 Iowa 525.

Not a single item in the account attached to the petition is questioned, save in that the price stated is more than agreed. The mere fact that defendant has itemized these alleged overcharges does not constitute this an account on his part. It amounts to no more than a specific objection to the prices as stated in plaintiff's account. Nor is the detached statement of credits of omitted discounts claimed by defendant an account in any proper sense. It is merely a specific pleading of the alleged omissions in plaintiff's account, with a prayer that these be allowed as offsets. Even if the itemized statement of these overcharges and discounts were to be treated as accounts, the only dispute was over these, and the mutuality exacted to invoke equitable jurisdiction was lacking. Upon the jury's finding that the agreement was entered into as alleged, little difficulty would be experienced in ascertaining (1) the overcharges and (2) the discounts to which defendant was entitled as credit. The motion to transfer was rightly overruled.

II.    Itemized bills with prices annexed were sent to defendant when or shortly after the goods were received by him, and no objection was made thereto. Appellant argued

2. ACCOUNT STATED: implied assent: mistake: due diligence to discover.

that these should be treated as accounts stated. The defendant testified that, in doing as he did, he acted upon the supposition that the prices were as agreed, and that he did not discover the overcharges until long afterwards. An account stated is not conclusive, but only prima-facie evidence of the accuracy of the items, and, where a showing tending to excuse the delay like that before us is made, it is for the jury to say whether, in the exercise of due diligence, he ought not to have sooner discovered the errors. If he had, then he is bound; but, if not, the accuracy of the account may be inquired into. *Hollenbeck v. Ristine,* 105 Iowa 488; *Cole v. Charles City Nat. Bank,* 114 Iowa 632.

III.    Appellant has argued the other seven assignments of error together, asserting that all relate to the sufficiency of

the evidence to sustain the findings involved in the verdict. We are not inclined to review the evidence in detail, for two reasons: (1) No useful purpose would be served thereby; and (2) the rules of this court were ignored in the preparation of the abstract.

Parties in the preparation of abstracts are to "preserve everything material to the questions to be decided and omit everything else." Rule 52. Brevity in an abstract is not only a commendable quality, so long as all material matters are presented, but it is expressly enjoined by the above rule. *Howard v. Pratt,* 110 Iowa 533. It is not proper to set out in the abstract the entire testimony of witnesses by question and answer, without excluding immaterial matters. *Vaughn v. Smith,* 58 Iowa 553; *Tootle v. Taylor,* 64 Iowa 629; *State v. Hull,* 83 Iowa 112; *Piper v. Fletcher,* 115 Iowa 263. And where the rule of this court is ignored and the abstract is made up by printing the questions and answers of the witnesses, or the answers only in full, regardless of their materiality, the judgment may well be affirmed without examining the abstract. *Phillips v. Crips,* 108 Iowa 605; *Cressey v. Lochner,* 109 Iowa 454; *Hurley v. Hurley,* 117 Iowa 621.

3. APPEAL AND ERROR: abstracts of record: preparation: rules: violation: effect.

In the case at bar, the abstract contains 368 pages, 306 of which consist of the questions and answers, or answers in full, together with numerous objections and rulings thereon, none of which are referred to in argument, and statements of attorneys not pertinent to any error discussed. Had the method pursued in printing the abstract been discovered in time, it should have been stricken from the record, and counsel given the opportunity to prepare an abstract containing all of the record material to a review, which need not have exceeded 100 or 125 pages. As this was not done, we have gone into the abstract deep enough to ascertain that there was evidence, either direct or circumstantial, in support of the finding of the jury on every issue suggested in appellant's argument, though this but meagerly refers to its contents.

For these reasons, we are content to say, without reviewing the evidence, that it was such as to preclude any interference with the verdict.—*Affirmed*.

DEEMER, GAYNOR and SALINGER, JJ., concur.