BERRY SEED COMPANY, a corporation, appellee, v. ROBERT B. HUTCHINGS, appellant.

No. 48894.

(Reported in 74 N.W.2d 233)

418

JANUARY 10, 1956.

Thos. E. Mullin and Donald D. Mullin, both of Creston, for defendant-appellant.

J. D. Reynolds, of Creston, and R. E. Killmar, of Osceola, for plaintiff-appellee.

LARSON, C. J.—Plaintiff's petition in six counts, filed in equity, alleged it was doing business in Creston, Iowa, under the trade name of Creston Seed Company; that under an oral contract it employed defendant Robert B. Hutchings as general manager of the company in May 1945; that "as part of the terms of employment, the defendant was to receive a bonus of ten per cent of the net profits of the business" to be paid about June 30 at the close of each fiscal year; that this relation continued until 1953 when the contract was terminated; that due to the fraud of defendant and to inaccuracies and misrepresentations in the records kept by defendant, he represented the profits for the fiscal year of July 1, 1951, to June 30, 1952, at $177,-939.62, when in truth the profit was only $18,284.10; that plaintiff paid him $17,793.96 when in fact he was only entitled to $1,828.41, and that defendant refused to make restitution of the $15,965.55; that during the year 1947, as manager, defendant on behalf of the company by oral contract entered into a joint venture with one Ed Bean whereby "Plaintiff would furnish monies and equipment, and * * * Bean would furnish labor and procure rough bluegrass for the purpose of threshing the same, and that any profit would be shared * * * one half to Ed Bean, and one half to the plaintiff"; that from this venture the "profit amounted to $2099.04, and * * * Ed Bean was paid $1049.52", but that defendant, without authorization, paid the other $1049.52 to Robert D. Hutchings, Jr.; that because of such misappropriation plaintiff prays judgment against defendant for $1049.52; that in the year 1949 a similar arrangement was made with Ed Bean, and the venture resulted in a profit of $29,-678.72, of which Bean received his half of $14,839.36, but that plaintiff only received $10,796.05, as defendant without authorization had paid $4043.31 to Robert D. Hutchings, Jr., and for which plaintiff now asks reimbursement from defendant; that under a similar arrangement in 1950 a profit amounting to $4875.09 was realized and Bean received $2408.04, but plaintiff received nothing, for again defendant without authorization had paid Robert D. Hutchings, Jr. the company's share of $2467.05; that a final settlement with Ed Bean was effected on May 15, 1951, by which certain equipment used, valued at $500, was

acquired as the sole property of the plaintiff, but that in addition to paying Bean $250 for his half share, defendant also paid $250 to Robert Hutchings, Jr., though no part belonged to him; that these misappropriations were not discovered until February 1954, and though demand has been made, defendant refuses to make restitution therefor. In the final and sixth count plaintiff alleges defendant possessed certain property consisting of a camera, projector, recorder, and screen, which belonged to plaintiff, and had failed and refused to return the same; that plaintiff prayed its return or judgment "for the value of the same." Plaintiff's final prayer was "for judgment against the defendant in the aggregate sum of $23,775.43, and for a full accounting on all matters involved in Divisions One to Six inclusive, and for costs, and for such other relief as in equity and good conscience may appertain."

Defendant moved the Court to transfer the cause to the law side of the docket for the reason that "the relief prayed for in said petition is not equitable in nature * * *" and "that the plaintiff's action, as set out in its petition, is an ordinary action and is only triable at law." Upon hearing arguments of counsel on the motion, the court deferred its decision and required defendant to answer, but preserved to defendant the right to renew in the answer his motion to transfer to law. Defendant complied and, except for admitting his past employment by plaintiff-company, denied the allegations of plaintiff's petition. He did not set up any affirmative matters involving mutual accounts. On September 8, 1955, the trial court overruled defendant's motion to transfer, and on October 10, 1955, defendant under R. C. P. 332 obtained leave to appeal from that ruling in advance of final judgment.

The foregoing is a sufficient statement of the issues to indicate the grounds upon which defendant-appellant seeks to have the trial of this cause transferred to law. The issue as disclosed by the petition, answer and the contention of the parties is (1) whether the accounts involve such a complicated matter as to require equitable consideration, and (2) whether the fiduciary relation of the parties amounts to a joint venture requiring equitable jurisdiction to settle the disputed account.

■ I. It is not in every matter of account cognizable at law that the equitable jurisdiction will be exercised. The general rule is that a proper case is presented only when the remedies at law are inadequate. The facts of each particular case, of course, must govern, and only where doubt exists as to whether adequate relief could be obtained at law should equity entertain jurisdiction in accounting matters such as we have here. Hanan v. Messenger, 168 Iowa 507, 150 N.W. 673; Watson v. Bartholomew, 106 Iowa 576, 76 N.W. 858; Lambertson v. National Inv. & Fin. Co., 200 Iowa 527, 202 N.W. 119; McAnulty v. Peisen, 208 Iowa 625, 226 N.W. 144; H. B. Zachry Co. v. Terry, 5 Cir., Tex., 195 F.2d 185. It is said that it is impossible to define by any single formula what is the adequacy or sufficiency of the remedy at law which shall prevent an exercise of the equitable jurisdiction, and the courts have had some trouble drawing the line on what is denominated complicated matters. Williams v. Herring, 183 Iowa 127, 165 N.W. 342, L. R. A. 1918F 798; Mann v. Wilson & Co., 218 Iowa 395, 253 N.W. 506, and cases cited therein.

■ Cases, however, in which the remedy is a mere recovery of money where the primary right of the plaintiff is purely legal, arising either from the nonperformance of a contract or from a tort, and where the money sought to be recovered is a debt or damages full and certain, remedies are usually provided by actions at law, and equity has no jurisdiction. Hanan v. Messenger, supra. This is especially true where the right of action is not dependent upon or connected with any equitable feature or incident such as fraud, mistake, trust accounting, or contribution and the like. See Pomeroy's Equity Jurisprudence, Volume I, section 178, page 246. Even when the cause of action based upon a legal right does involve or is connected with some incident of the kind over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, etc., still, if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient and certain so as to do full justice to the litigants in a particular case, the concurrent jurisdiction of equity does not extend to such case. Boyce v. Allen, 105 Iowa 249, 74 N.W. 948. It may therefore be said that

whenever one person has in his hands money equitably belonging to another, that other person may recover it by an action for money had and received, and the remedy at law is adequate and complete.

In the case at bar the plaintiff claims that defendant has in his hands sums of money definitely stated as to amounts which belong to plaintiff. In each count a sum certain is demanded and its manner of determination set forth therein.

■ II. Plaintiff contends, however, that because of the complexity of the accounts necessary to determine the Berry Seed Company's profits each year, equity should retain jurisdiction of the action, and cites as authority the case of McAnulty v. Peisen, supra, 208 Iowa 625, 226 N.W. 144. It is true we held in Mann v. Wilson & Co., supra, that such an action on account commenced at law might be properly ordered transferred to the equity calendar when the account runs through a series of years and is extremely involved and complicated necessitating innumerable computations beyond the comprehension of the average juror. But these cases are hardly comparable for, in addition to various commissions on different items alleged in that case, we pointed out that it was impossible to conceive a more general accounting of the business of a large meat packing industry covering every item of sale over an entire state for a period of six years. Another difference appears, and one upon which that case might well have turned. Defendant's answer filed in that case set up a mutuality of accounts which many authorities hold makes equity jurisdiction mandatory. We find no such involved commissions or circumstances in the matter before us, regardless of the fact no mutuality of accounts appears. See Marks Hat Co. v. Slatnik, 178 Iowa 370, 154 N.W. 757. Here the commission was to be a straight ten per cent figured on the net profits per year, and nothing appears to indicate this business was extremely large or that these computations would be exceptionally difficult or complicated. It is true the matter runs several years, but length of accounting alone is not controlling. In rejecting a similar argument made in the Williams v. Herring case, supra, 183 Iowa 127, 132, 165 N.W. 342, 344, L. R. A. 1918F 798, we said:

"Undoubtedly, the number of items on the books and the transactions covered by the period of said business will be cumbersome and difficult to present to a jury; and yet, so far as the pleadings disclose, the accounts are not complicated or intricate, but vast in point of numbers."

In the matter before us we are convinced that it does not affirmatively appear that a court of law will experience extreme difficulty in examining and considering the company accounts involved, which is the true test when deciding an application to transfer made upon the basis of complication alone.

To determine what degree of complication is required before a court of equity will entertain jurisdiction for that reason, independent of other circumstances, the general rule frequently stated by the courts is that the account should be so complicated that a court of law would be incompetent to examine it with the necessary accuracy. Clearly such circumstances do not appear here. Plaintiff has all the accounts in its possession and appears to have carefully audited them. It has found the source of the alleged errors. It has definitely established the amounts due it as disclosed by the prayer in each count. It will not be difficult to produce this evidence in a court of law, and no compelling reason appears why a jury could not understand and decide these claims. True, the prayer for money judgment alone is not determinative of the nature of the action, McAnulty v. Peisen, supra, but here the claimed relief is further shown to have been determined by the books and accounts in plaintiff's possession. Obviously they can be produced without the benefit of further discovery. Then too, the alleged joint-venture accounts between the plaintiff-company and Mr. Bean were certain and determined and cover only three seasons. They furnish no basis of serious complication.

The general rule is pretty well established that where the accounts are all on one side, circumstances of great complication or difficulty must appear which tend to deny adequate relief at law. Kilbourn v. Sunderland, 130 U. S. 505, 9 S. Ct. 594, 32 L. Ed. 1005; Broderick v. American Gen. Corp., 4 Cir., Md., 71 F.2d 864, 94 A. L. R. 1359; Pomeroy's Equity Jurisprudence, Volume IV, section 1421, page 1077.

In Marks Hat Co. v. Slatnik, supra, 178 Iowa 370, 372, 154 N.W. 757, 758, the plaintiff moved to transfer to equity because " 'said accounting involves a detailed statement of account extending over a long period of years and several thousand separate and distinct items of a very small amount.' "

In overruling that motion the court said: "The law is well settled that, when the trial exacts the examination of complicated mutual accounts, the cause may properly be transferred to the equity side [citing cases]. But where the account is on one side only, or where there are no mutual demands, but merely payments pleaded by way of setoffs, the case is not cognizable in equity."

See also McMartin v. Bingham, 27 Iowa 234, 1 Am. Rep. 265; District Twp. of Grant v. Bulles, 69 Iowa 525, 29 N. W. 439; Mitchell v. Beck, 178 Iowa 786, 156 N.W. 428, 160 N.W. 232.

We conclude in the case at bar the related items of account standing alone are not so complicated or involved that a court of law should be found incompetent to examine them with reasonable accuracy.

III. Plaintiff further contends the relation of the parties discloses a joint venture, and therefore equity should have exclusive jurisdiction over the proceedings for the account and settlement of their affairs. It is true that equitable jurisdiction is practically exclusive in proceedings for an account and settlement of usual partnership or joint-venture affairs, but we do not find in the relation created by the alleged contract or shown by the pleadings such a joint venture or partnership as this rule contemplates. Exclusive equitable jurisdiction is a necessary outgrowth of the jurisdiction over accounting and the remedies of dissolution, injunction and receivership in such relations for a final and complete relief. It is not so in an employee-employer relationship. The disclosed relation here is more nearly in the category of the parties to a farm lease on share rent. In Iowa we have held such relation does not create a joint venture, but only the relation of landlord and tenant, even though there is here also some fiduciary relation between the parties. Johnson v. Watland, 208 Iowa 1370, 1372, 227 N.W. 410, and cited cases.

Plaintiff alleged only an employee-employer relation, and the petition discloses defendant was only an employee. Defendant was not to share in the losses. He was required to contribute nothing beyond the requirements of his job as manager, for which he was otherwise compensated. His bonus was a share in the profits only and no mutuality of accounts arose under such relation. None was alleged. We have repeatedly held that participation in the profits of a business alone does not constitute a partnership, and the same rule for the same reason must apply to the usual relation of joint ventures. Porter v. Curtis, Morris & Diver, 96 Iowa 539, 65 N.W. 824; Williams v. Herring, supra, 183 Iowa 127, 131, 165 N.W. 342, L. R. A. 1918F 798. This latter case, cited by defendant, is quite similar to the case at bar and is perhaps controlling. There we upheld the denial of a motion to transfer an action brought in law to equity. It was also a suit to determine the amount due the manager-employee under a salary-plus-bonus agreement. There too the claim was advanced that the relation was that of partners. We rejected it, quoting from Porter v. Curtis, Morris & Diver, supra, where we said at page 540 of 96 Iowa:

"It is very plain that the contract, as expressed in the writing, is not a contract of partnership. It is a hiring at a stated salary of twelve hundred dollars a year, and a share of the profits. Porter undertook to devote his time to the business *of the defendants* [emphasis supplied] as an engineer and draftsman, and attend the letting when it became necessary. It is well settled in this state that a mere participation in the profits of a business does not constitute a partnership as between the parties. There must be a sharing of the losses."

In Richman v. Richman, 190 Iowa 462, 465, 466, 180 N.W. 182, 184, we dealt with this problem and said: "It is well settled that, where there are no mutual demands, the case is not cognizable in equity. * * * There is no evidence in this case, as to the manner of conducting the business, which authorizes a finding that there was a partnership between these parties. * * * Appellant does not claim that, if any loss occurred, he and appellee were to share in the loss. * * * It is the further conten-

tion of the appellant that it is not necessary that a partnership relation be shown; that there are other grounds of equitable jurisdiction to order an accounting; and that, if it appear that there are mutual accounts to be adjusted between the parties, then a court of equity will take jurisdiction to order an accounting and render judgment for any balance found due."

It is true that there are cases which hold that a community of interest in profits is sufficient to constitute a partnership, but this court is committed to the doctrine that there must also be a sharing of the losses. Winter v. Pipher & Co., 96 Iowa 17, 64 N.W. 663.

We are satisfied then that the disclosed relationship must call for a sharing of losses as well as profits, to be entitled to equity consideration, whether that relationship be called a joint venture or a partnership. Certainly the joint interest must appear to extend beyond profits alone.

A joint venture has been defined as a common undertaking in which two or more combine their property, money, efforts, skill or knowledge, to carry out a single business for profit. It usually relates to a single transaction and the parties to a joint venture occupy a fiduciary relation between themselves. Such joint ventures as between themselves are governed by the same rules, at least of substantive law, that govern partners. Johanik v. Des Moines Drug Co., 235 Iowa 679, 17 N.W.2d 385. Obviously the allegations here do not disclose either a partnership or joint enterprise which requires equitable action in this state.

Plaintiff however contends it is entitled to try the issues in equity for the reason that a fiduciary relation existed between the parties, in that it is defendant's duty to account further as to their final settlement. This contention is but an effort to extend the rule that equitable jurisdiction is practically exclusive in proceedings for an account and settlement of partnership affairs. The principal difficulty is as to when equity will take jurisdiction of an accounting between principal and agent. The mere relationship of principal and agent without more is insufficient to enable a principal to maintain the action against his agent. In such circumstances there can be no reason for discovery, for whatever acts that may have been done by

defendant from which he claimed a bonus are matters of record readily ascertainable by the principal. The remedy at law is therefore adequate. Where the relation is such that a confidence is reposed by the principal in his agent and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity may assume jurisdiction, but such situation does not appear in the matter before us. The records have been in the principal's hands since 1953 when the employment ceased, and it does not appear that defendant is in the possession of additional or other necessary facts or accounts undisclosed to the plaintiff-employer.

We conclude, as we did in the Williams v. Herring case, supra, that the allegations here disclose a relation of employee-employer only and not that of joint adventurers. As pointed out, in many ways that case is controlling, for here also it cannot be said from the pleadings that the items could not be presented in a way that they could be reasonably and fairly understood and comprehended by a jury. It is often said the test is not whether the cause can be more conveniently or satisfactorily determined by the court than by a jury, but the accounts must be mutual or there must be some other recognized ground for equitable cognizance shown to exist. We find none here. The record discloses no mutuality of accounts, no confusing, difficult, complicated or intricate accounts, no need for discovery, but only an employee-employer relationship. Though the demand for money damages is not decisive of the proper type of action, yet here this demand, considered with the pleadings, confirms the feeling that no greater difficulty or uncertainty as to the amount alleged due plaintiff or of the manner of its determination, should be experienced in the action at law than would occur in the suit in equity.

IV. As to count six, there is no difficulty in determining the remedy at law adequate. The petition asks the return of personal property or the value of the same. There were. no allegations that they were unique or unusual. It is not argued that their value could not be determined in the law action or that plaintiff's remedy at law in an action of replevin as provided by chapter 643, Code of Iowa 1954, was not available to provide adequate relief.

Furthermore, defendant contends with some merit that he is entitled to have the issue of damages for deceit and misrepresentation decided by a jury if he so wishes, unless plaintiff's remedies at law are shown to be inadequate.

We hold, therefore, that the motion to transfer should have been and must be sustained. The cause is remanded to the district court for further proceeding in accordance with this determination.—Reversed and remanded.

All JUSTICES concur.