Evar M. Anderson, appellant, v. Lowell J. Walker, appellee.

No. 51447.

(Reported in 131 N.W.2d 524)

NOVEMBER 17, 1964.

Beecher, Buckmaster, Beecher & Lindeman, of Waterloo, for appellant.

Mosier, Mosier, Thomas & Beatty, of Waterloo, for appellee.

PETERSON, J.—This is an action in equity wherein plaintiff seeks contribution from defendant for damages recovered by an employee of plaintiff. His name was Clyde Sorge and he recovered $3500 from plaintiff in an action for personal injuries.

The basis of this action is that there was a written agreement between plaintiff and defendant which plaintiff claims entitles him to contribution. The question in the case is whether the written agreement and all the circumstances of the case are sufficient to constitute a partnership between the parties, or is the relationship one of plaintiff as tenant and defendant as landlord.

The trial court decided the relationship between the parties was that of tenant and landlord and that plaintiff was not entitled to contribution. Plaintiff appealed.

While there are various ramifications as to the difference between the parties, in the final analysis there is only one question as to which appellant claims the trial court erred in its decision; in holding that the relationship was a landlord and tenant situation rather than a partnership.

I. On the 21st day of March, 1957, plaintiff and defendant entered into an agreement in writing pertaining to the operation of farmland owned by defendant. The agreement started by saying that the parties were desirous of entering into a joint venture for the operation of a farm, and there is one very significant and important paragraph in the agreement, which states:

"It is particularly understood that this is not a Partnership agreement, nor is the relationship a Partnership. That neither party shall mortgage or otherwise encumber the jointly owned property, nor pledge the credit of the Parties hereto for any purpose whatsoever without the written consent of the other Party; and that neither of the Parties shall buy farm products, livestock or supplies of the value of more than Fifteen Hundred Dollars ($1,500) per month without the consent of the other Party."

The agreement also provided that defendant would furnish the land and would take care of all permanent improvements thereon and pay all taxes and insurance. The plaintiff was to furnish all labor, equipment and machinery and was to operate the farm in a good and workmanlike manner. Any maintenance, repairs or replacement of equipment and machinery and the taxes and insurance on same were to be paid by plaintiff.

Each party was to furnish one half of livestock, except a slight poultry situation which involved some equipment. All income was to be divided equally between the two parties. The income was to be deposited in a joint bank account, established for such purpose, which account was to be known as Walko-Meadows Farm. Both parties were authorized to draw checks on the bank account. The purchase and sale of farm products was to be by mutual agreement of the parties. All operating expenses were to be shared equally.

Plaintiff was to keep accurate accounts and books. Such account was open for the examination of either party at anytime. Unless otherwise directed by defendant, plaintiff was to pay all farm expenses out of the farm account and furnish defendant with an itemized statement of receipts and disburse-

ments once a month. When there was any division of profits they were to be divided equally between the two parties.

Defendant had access to the farm at all times, except such times as would interfere with proper operation. The agreement was for one year and could be renewed from year to year as the parties agreed. If either party wanted to terminate same he could do so by giving notice to the other party by August 15, for termination on the following March 1.

The arrangement ran along as stated in the agreement for all of 1957 and the parties continued under the agreement for 1958, 1959 and until March 1960. On March 15, 1958, plaintiff hired Clyde Sorge to work on the farm. It was agreed that he would live in the buildings on the farm. He made a written agreement with both parties as to furnishing some cows and calves, but same has no bearing upon the question involved herein.

In 1960 Sorge was injured in a fall from a ladder he had placed against the barn. He sued both parties. The case was settled between Clyde Sorge and plaintiff for $3500, but defendant refused to make any contribution claiming that the relationship between defendant and plaintiff was that of landlord and tenant and not one of partnership, and he was not liable for any part of the settlement with Sorge.

The question therefore is whether or not a partnership existed between the parties, in view of the agreement, the facts of the case, and the decisions of this court as to the elements involved in determination of the existence of a partnership.

■ II. This court has held on several occasions that the matter of determination of existence of a partnership depends in general upon the following conditions: 1. Was there a community of interest in profits and losses? 2. Was there a community of interest in the capital employed? 3. Was there a community of power in administration? Malvern National Bank v. Halliday, 195 Iowa 734, 192 N.W. 843; Florence v. Fox, 193 Iowa 1174, 188 N.W. 966.

■ In the case at bar there was some community of interest in the capital employed. Defendant furnished the farm and plaintiff furnished the labor and machinery. There was a

provision in the written agreement that they were to share profits equally. There was no definite statement as to losses, but there was an agreement that all expenses were to be paid equally. This would indirectly refer to losses. However, there was no community of power as to administration. The operation of the farm was under the supervision of plaintiff. While the parties at times talked about what crops to plant and in general where to place them, the details of planting the crops and the care of them and harvesting them were all in the hands of plaintiff.

■ III. The characterization given by the parties in their agreement is a significant factor in determining the intent of the parties. Malvern National Bank v. Halliday, supra; Winter v. Pipher & Co., 96 Iowa 17, 64 N.W. 663; Butz v. Hahn Paint & Varnish Co., 220 Iowa 995, 263 N.W. 257.

■ As heretofore shown when the parties entered into their agreement as to their farming operation they stated very specifically in the agreement that the operation was not a partnership. The fact that such statement was made by the parties and that such agreement with the statement in the body of same was solemnly signed by the parties is not conclusive, but is very strong evidence that the relationship was not a partnership. The trial court gave great weight and significance to this statement and it was justified in doing so.

■ IV. The limitation imposed by the terms of the agreement upon the right of each party to act as agent of the other in connection with the operation of the business also denies partnership intent. Berry Seed Co. v. Hutchings, 247 Iowa 417, 74 N.W.2d 233; Hanson v. Birmingham, 92 F. Supp. 33 (D. C. Iowa).

The parties in their agreement made specific statements as to the repairs each party was to make and placed a limitation upon the expenditure per month by any one party without the consent of the other party. In other words, there was not granted by either of the parties to the other the general powers concerning the affairs of the business and its operation, which are usually present as between partners.

This court has decided one case where the state of facts is

almost the same as involved in this case and held it was a landlord and tenant operation and not a partnership. This was the case of Florence v. Fox, supra. Mr. Fox and Mr. Beeson entered into a written agreement for a farming operation. Mr. Fox owned the land and Mr. Beeson furnished the labor and machinery. Mr. Beeson hired whatever help he needed for the performance of the labor. Mr. Fox had nothing to do with this part of the operation. One man hired by Mr. Beeson was Mr. Florence. He was operating a machine one day for the pressing of cane in order to press out the sugar content. While engaged in such operation he caught his hand in the machinery and was injured. Mr. Florence sued Mr. Fox, alleging that he was a partner of Mr. Beeson and was liable to him for damages by reason of the injury. We held that the relationship was not a partnership; that it was a landlord and tenant relationship and Mr. Fox was not liable.

V. Another significant element in connection with partnership is a definite agreement with reference to the sharing of profits and losses. The matter of equal division of profits was referred to in the agreement. However, the matter of losses was not specifically covered. There was an indirect reference to losses in the provision that the parties should share expenses equally. If the expenses ran far ahead of the receipts of course there would be losses. In the case of a partnership arrangement the matter of the sharing of losses must be clearly established. Citizens Bank of Milo v. C. F. Scott & Son, 217 Iowa 584, 250 N.W. 626; Malvern National Bank v. Halliday, supra. The agreement does not specifically outline the matter of losses.

VI. Another element in the situation which clearly indicates that the relationship was landlord and tenant rather than partnership was the fact that defendant had nothing to do with hiring or supervising Mr. Sorge. He was Mr. Anderson's employee, and his exclusive responsibility. Mr. Anderson hired him, paid him, supervised him and fired him. Defendant had no discretion or right as to Anderson's hired help or as to the method employed in operating the farm. This feature of the instant case also falls within the state of facts as shown in Florence v. Fox, supra.

. As a comprehensive definition concerning partnership see Butler v. Lloyd, 230 Iowa 422, 428, 297 N.W. 871, 875, where it properly appears in effect as follows: "The salient features of a 'partnership' are a community of interest in profits and losses, a community of interest in capital employed, a community of power in administration, a relationship predicated on mutual consent, and evidenced by the terms of the contract between the parties, conduct of the parties, and all circumstances surrounding transactions."

The trial court was correct in holding the relationship between the parties was that of landlord and tenant and its decision is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.