**Robert KREAMER, Appellant,**

v.

**COLLEGE OF OSTEOPATHIC MEDICINE AND SURGERY, Appellee.**

**No. 64833.**

Supreme Court of Iowa.

Feb. 18, 1981.

William A. Price and Karla J. Fultz, Des Moines, for appellant.

David L. Phipps of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

ALLBEE, Justice.

The sole question presented in this interlocutory appeal is whether trial court abused its discretion in granting defendant's motion to transfer the present action from equity to law. We are not convinced trial court's discretion was incorrectly exercised, and therefore affirm.

During the period between September 1, 1972 and August 31, 1978, plaintiff Robert Kreamer was employed as a faculty member and physician by defendant, the College of Osteopathic Medicine and Surgery. Pursuant to contractual arrangement, compensation for plaintiff's services as a faculty member was in the form of an annual salary, while remuneration for medical services was computed as a percentage of collections made by defendant from patients plaintiff had treated. It is the latter amount which is contested in this case.

Plaintiff initiated the present action in November of 1979, seeking an equitable accounting of "sums received and paid out" by defendant in connection with the medical services he performed during his period of employment, and judgment for any amount shown to be due. As bases for bringing the suit in equity, plaintiff alleged defendant was his agent for the collection of the fees in question, that a fiduciary relationship existed between the parties in connection with this collection arrangement and that plaintiff did not know the exact amount purportedly remaining due him.

Defendant filed an answer and subsequently moved to transfer the case from equity to law, alleging that plaintiff had all records necessary to the claim and that there was no contention an adequate remedy at law did not exist. An affidavit of defendant's president was attached to the motion; he asserted requested records had been supplied to plaintiff and that access to the remaining records had been offered. Plaintiff resisted the motion to transfer, stating that, in addition to the allegations contained in his petition, (1) the accounts involved are complicated; (2) this complexity was demonstrated by the inability of plaintiff's certified public accountant to properly audit the accounts from information supplied by defendant; (3) the collection of charges and computation of his percentage-based remuneration for medical services rendered was completely controlled by defendant; (4) there is a need for discovery; and (5) an adequate remedy at law does not exist.

Following oral submission, trial court granted defendant's motion to transfer. Plaintiff then sought permission to appeal in advance of final judgment, *see* Iowa R.App.P. 2, which we granted.

I. This court has on prior occasions considered the applicability of jurisdiction in equity to actions seeking an accounting. *E. g., Berry Seed Co. v. Hutchings,* 247 Iowa 417, 74 N.W.2d 233 (1956); *Williams v. Herring,* 183 Iowa 127, 165 N.W. 342 (1917). The underlying basis for equity jurisdiction in this context is the inadequacy of a remedy at law.

> It is not in every matter of account cognizable at law that the equitable jurisdiction will be exercised. The general rule is that a proper case is presented only when the remedies at law are inadequate. The facts of each particular case, of course, must govern, and only where doubt exists as to whether adequate relief could be obtained at law should equity entertain jurisdiction in accounting matters .... (citations)

. . .

Cases ... in which the remedy is a mere recovery of money where the primary right of the plaintiff is purely legal, arising either from the nonperformance of a contract or from a tort, and where the money sought to be recovered is a debt or damages full and certain, remedies are usually provided by actions at law, and equity has no jurisdiction.... (citation) This is especially true where the right of action is not dependent upon or connected with any equitable feature or incident such as fraud, mistake, trust accounting, or contribution and the like.... (citation) Even when the cause of action based upon a legal right does involve or is connected with some incident of the kind over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, etc., still, if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient and certain so as to do full justice to the litigants in a particular case, the concurrent jurisdiction of equity does not extend to such case.... (citation) It may therefore be said that whenever one person has in his hands money equitably belonging to another, that other person may recover it by an action for money had and received, and the remedy at law is adequate and complete.

*Berry Seed Co.*, 247 Iowa at 422–23, 74 N.W.2d at 236–37. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–79, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44, 51–2 (1962).

■ While the facts in any given case will ultimately govern, we have gleaned from our previous decisions and other authorities the following factors to be considered in determining the existence of an adequate legal remedy: (1) mutuality or complexity of the accounts in question; (2) the existence of a fiduciary relationship with an accompanying duty of one party to account to the other; and (3) a need for discovery. *See id.*; 1 Am.Jur.2d *Accounts and Accounting* § 50 (1962); 1 C.J.S. *Accounting* § 14 (1936). When one or more of these factors is present in an action for a money judgment, and there is no other indication that an adequate legal remedy exists,

equitable jurisdiction may properly be exercised. Of course, the mere labelling of an action as one for an accounting is not determinative.

■ The decision whether a case should be heard in equity is discretionary with the trial court; as such, it is presumptively correct, and will be overturned on appeal only where an abuse of discretion has been demonstrated. As a general rule, an abuse of discretion will be found only where the record contains no support for the trial court's decision. *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972); *see Michael v. Harrison County Rural Electric Cooperative*, 292 N.W.2d 417, 419 (Iowa 1980).

II. With these principles in mind, we turn to plaintiff's claim that trial court abused its discretion in granting defendant's motion to transfer. He argues that the motion should have been overruled, in that the accounts which are the subject of this action are complex, a fiduciary relationship existed between the parties and there is a need for discovery. We consider each of these in turn.

Plaintiff points to the purported complexity of the accounts in question to support his argument that no adequate legal remedy exists here. We have previously discussed complexity as a basis for the exercise of equitable jurisdiction in the context of actions for accounting:

To determine what degree of complication is required before a court of equity will entertain jurisdiction for that reason, independent of other circumstances, the general rule frequently stated by the courts is that the account should be so complicated that a court of law would be incompetent to examine it with the necessary accuracy.

*Berry Seed Co.*, 247 Iowa at 424, 74 N.W.2d at 238.

■ From our examination of the record, we cannot say that the accounts in dispute possess this degree of complexity. There is no dispute these records, covering a six-year period, are lengthy and voluminous. However, length and volume have

never, in and of themselves, been sufficient to require the adjudication of an accounting action in equity. *See id.* at 423, 74 N.W.2d at 237; *Williams v. Herring*, 183 Iowa 127, 132, 165 N.W. 342, 344 (1917). More importantly, the formula to be employed by defendant in calculating the compensation due plaintiff for medical services rendered involved nothing more than a straight percentage computation based upon funds collected. A calculation of this nature, not involving "innumerable computations beyond the comprehension of the average juror," cannot supply the requisite complexity to these accounts. *Berry Seed Co.*, 247 Iowa at 423, 74 N.W.2d at 237. Finally, the affidavit of plaintiff's certified public accountant, while once referring to the records here as "complicated," dealt mainly with his inability to adequately verify his computations based upon information supplied by defendant. As demonstrated by the foregoing, the record is supportive of trial court's ruling concerning this aspect of plaintiff's argument.

As noted above, plaintiff also contends a fiduciary relationship existed between the parties, with an accompanying duty to account on the part of defendant. This relationship, he asserts, further demonstrates the inadequacy of a remedy at law and the need for an equitable disposition of this matter. We observe initially that the contracts between the parties disclose only an employer-employee relationship; there is no evidence which would support a finding that a partnership or joint venture existed. Thus, the fiduciary obligations between participants inherent in those latter situations cannot be said to be present here, and plaintiff does not so contend. Rather, he asserts the exclusive control exercised by defendant over the collection and disbursement of funds, and its continued possession of the records, gave rise to a fiduciary relationship, which in turn necessitates the resolution of this action in equity. Without deciding whether this employment arrangement constituted a fiduciary relationship from which the exercise of equitable jurisdiction might properly stem, we note that defendant has for some time offered plaintiff access to any and all records in its possession which plaintiff might desire to examine. As noted in division I, the facts of each particular case must govern the determination as to whether an adequate remedy exists at law; the fact that continued access to the accounts in question was offered to plaintiff supports trial court's conclusion that an adequate legal remedy exists in the present action. *Cf. Berry Seed Co.*, 247 Iowa at 427–28, 74 N.W.2d at 239–40 (where plaintiff alleged fiduciary relationship with defendant in action for accounting, no need for exercise of equitable jurisdiction where questioned records were in plaintiff's possession). Hence, the record before us is not without support for trial court's determination that plaintiff possesses an adequate remedy at law. Thus, at this juncture we cannot say trial court abused its discretion.

We have not overlooked plaintiff's contention that the absence of any reference to the question of a fiduciary relationship in trial court's order granting defendant's motion for transfer indicates this issue was not considered, and that the court therefore abused its discretion in granting the motion. This issue was raised in pleadings and memoranda of both parties and we believe it to be encompassed in trial court's finding that an adequate legal remedy exists. *Cf. Bahnsen v. Rabe*, 276 N.W.2d 413, 414 (Iowa 1979) (findings of fact by trial courts are given a liberal construction; independent claims not addressed in the findings but inconsistent with the judgment are deemed to have been decided adversely to the losing party).

Plaintiff finally asserts there is a need for discovery in the present case which necessitates the exercise of trial court's equitable powers. We note again in this regard the continued and convenient access to the relevant records offered by defendant, however; clearly this mitigates any perceived need for equitable discovery. Moreover, the general rule provides that a need for discovery will not alone supply a sufficient basis for disposition of a case in equity. *See* 1 Am.Jur.2d *Accounts and*

*Accounting* § 54 (1962); 1 C.J.S. *Accounting* § 21 (1936). Under the record, we cannot say this assertion by plaintiff mandates that this case be heard in equity.

In conclusion, our examination discloses the record is not without support for trial court's ruling sustaining defendant's motion to transfer this action from equity to law. Accordingly, we find no abuse of discretion.

AFFIRMED.