571 A.2d 837

**Mohammed HASHEM, et al.**

v.

**Mohammed Ali TAHERI.**

**No. 997, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 29, 1990.

A. Slater Clarke (Clarke & Alkon, P.A., on the brief), Chevy Chase, for appellants.

David A. Slacter (Glenn M. Cooper and Paley, Rothman, Goldstein, Rosenberg & Cooper, Chartered, on the brief), Bethesda, for appellee.

Argued before ALPERT, BLOOM and KARWACKI, JJ.

KARWACKI, Judge.

This appeal requires us to assess the impact of Maryland's 1984 merger of law and equity [1] on the constitutional right to a jury trial,[2] where a plaintiff asserts both legal and equitable claims involving a common question. We begin by describing the context in which the question is presented.

Mohammad Ali Taheri, the appellee, brought suit against the appellants, Afsana Enterprises, Inc. (Afsana), D & A Enterprises, Inc. (D & A), and Mohammed and Marial Hashem in the Circuit Court for Montgomery County. Appellee's ten count complaint pleaded seven stockholder de-

---

**1.** Rule 2–301 provides: "There shall be one form of action known as 'civil action.'"

This rule eliminated the distinction between law and equity "for purposes of pleadings, parties, court sittings, and dockets." *See* Committee note to Rule 2–301.

**2.** Article 23 of the Md. Declaration of Rights provides in part:

The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of five hundred dollars, shall be inviolably preserved.

rivative claims [3] on behalf of Afsana and three direct claims against the other appellants. Appellee elected a jury trial of these claims. In their answer to the complaint, appellants asserted that appellee was not a stockholder in Afsana and, consequently, was precluded from bringing a stockholder derivative suit or any direct claims based on his status as stockholder. Recognizing that (a) each party has a constitutional right to a jury trial on legal claims, (b) the complaint contained counts seeking both legal and equitable relief and (c) the issue of the appellee's status as a stockholder was common to both the legal and equitable claims, the court (Ruben, J.) granted the appellee's motion to bifurcate the issues in the case, so that "the issue of whether the plaintiff is a stockholder shall be determined at the first trial as now scheduled and the issue of damages, if necessary, shall be determined at a subsequent trial." But on the scheduled date of that first trial, the court (Beard, J.) proposed a different arrangement: the issues of the appellee's status as a stockholder as well as his equitable derivative claims would simultaneously be heard by the court, sitting without a jury; if the court ruled that the appellee was indeed a stockholder, then a jury would be impaneled to hear the appellee's remaining claims. At the conclusion of the non-jury trial, the court ruled that the appellee was a 50% stockholder in Afsana and enjoined appellants from disbursing any of Afsana or D & A's funds other than in the ordinary course of business. Appellants filed this appeal from that order.

## I.

Preliminarily, appellee asserts that Judge Beard's order was not a final appealable judgment. While appeals, for the most part, are permitted only from final judgments, there are a number of statutorily permitted appeals from

---

**3.** Suits brought by stockholders of a corporation for the benefit of the corporation have historically invoked the equity jurisdiction of the court. *Waller v. Waller,* 187 Md. 185, 189–92, 49 A.2d 449 (1946).

interlocutory orders. *Pulley v. State,* 287 Md. 406, 414, 412 A.2d 1244 (1980). The instant appeal is from an order granting an injunction and is permitted by § 12–303(3)(i) of the Cts. and Jud.Proc.Code Ann.

## II.

█ Prior to 1984, "the historical separation of law and equity had been scrupulously maintained in this State." *Higgins v. Barnes,* 310 Md. 532, 540, 530 A.2d 724 (1987). The constitutional right to a jury trial of all issues of fact in civil proceedings applied only to those actions filed on the law side of the circuit courts. No such right existed in a court of equity. *Impala Platinum Ltd. v. Impala Sales,* 283 Md. 296, 320, 389 A.2d 887 (1978). "It was as if one entered Maryland's courts of general jurisdiction through two doors, one marked 'law,' the other 'equity,' and once inside, the jury trial question was resolved on the basis of which door one had used for entry." R. Bourne and J. Lynch, *Merger of Law and Equity Under the Revised Maryland Rules: Does it Threaten Trial by Jury?* 14 U.Balt.L.Rev. 1, 44–45 (1984). Where cases brought in equity also sought legal remedies, a chancellor in equity would use his "clean-up" power to address the legal claims. *Higgins,* 310 Md. at 540–41, 530 A.2d 724. "This situation gave rise to concern that expansion of equity jurisdiction and the concomitant increase in the exercise of 'clean-up' powers not only threatened, but in fact had eroded" the constitutional right to a jury trial. *Higgins,* 310 Md. at 541, 530 A.2d 724. *See also* C. Brown, *The Law/Equity Dichotomy in Maryland,* 39 Md.L.Rev. 427 (1980). In response to these concerns, the Court of Appeals adopted Rule 2–301, abolishing the law/equity distinction, effective July 1, 1984, so that now the "circuit courts sit simultaneously in law and equity to handle all civil matters over which they have jurisdiction." P. Niemeyer and L. Richards, *Maryland Rules Commentary* at 123–25 (1984). If a claim is brought that historically would have been filed on the law side of the court and a jury trial is properly demanded, a jury will hear

the case. Equitable claims will be decided by the court without a jury. *Id.* at 125. The effect of this change was discussed by the Court of Appeals in *Higgins*, 310 Md. 532, 530 A.2d 724 (1987), where a trial court denied a defendant the opportunity to have his legal counterclaim heard by a jury because the plaintiff had brought suit seeking equitable relief only. In holding that the defendant was entitled to a jury trial on the legal issues presented by his counterclaim, regardless of the nature of the plaintiff's complaint, the Court noted:

> We are constitutionally required to "inviolably preserve" the right of trial by jury in actions at law, and so "where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.' "

*Id.*, 310 Md. at 532, 530 A.2d 724 (quoting *Dairy Queen v. Wood*, 369 U.S. 469, 472–73, 82 S.Ct. 894, 897, 8 L.Ed.2d 44, 48 (1962).

■ The instant case presents slightly different facts but requires the same result. In his complaint, appellee pleaded a stockholder's derivative action, traditionally an equitable remedy, as well as asserting legal claims on his own behalf seeking damages. Appellee's success on both the equitable and legal claims depended upon whether the appellee was a stockholder of Afsana. The court proceeded to decide this question without a jury, over appellants' objection. Appellants argue that since the question of the appellee's status as a shareholder is an issue in a suit against them seeking legal damages, Article 23 of the Maryland Declaration of Rights guarantees them a right to a trial by jury on this question. We agree.

> [W]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.

*Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 738, 24 L.Ed.2d 729, 736 (1970); *Higgins,* 310 Md. at 546, 530 A.2d 724. As commentators Niemeyer and Richards have noted,

> [w]hen factual issues are common to some or all of the claims, however, the order in which the claims are decided becomes important because a factual determination by the court becomes the law of the case for the jury and might therefore impinge on the jury trial right.

P. Niemeyer and L. Richards, *Maryland Rules Commentary* at 125. This is exactly what occurred in the instant case. The court's non-jury determination of the appellee's stockholder status on appellee's derivative claims would bar by collateral estoppel relitigation of this question in any subsequent trial on the appellee's direct claims. *Thermo–Stitch Inc. v. Chemi–Cord Processing Corp.,* 294 F.2d 486, 488 (5th Cir.1961). Consequently, the appellants' right to a jury trial on appellee's legal claims was compromised. In light of the command of Article 23 of the Maryland Declaration of Rights to "inviolably preserve" the right to jury trial, we must vacate the judgment entered by the court sitting without a jury.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY THE APPELLEE.