Constance CARSTENS, Craig Fillman, Caryn Hane, Rebecca Christensen, Robert Carlson, Ramona Bates, and Rhonda Carlson Behnken, Appellants,

v.

CENTRAL NATIONAL BANK & TRUST CO. OF DES MOINES n/k/a First Interstate Bank of Des Moines, N.A., Appellees.

No. 89–1721.

Supreme Court of Iowa.

Oct. 17, 1990.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, and Robert Horak of Horak & Rasmussen, Jefferson, for appellants.

Bryan L. Campbell and James M. Holcomb of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Beneficiaries of the estate and testamentary trust of Emil P. Fillman brought this action against the co-executor and co-trustee bank. The petition, filed as a law action, asked damages based upon a breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment and negligence. A jury demand was filed by the beneficiaries.

The bank's motion to strike the jury demand was sustained by the district court. We granted interlocutory appeal. *See* Iowa R.App.P. 4. We now affirm.

Emil P. Fillman died in September 1979. His will was admitted to probate and the bank was appointed as co-executor. Under the will a residuary trust was established and the bank was named as a co-trustee. The bank served as co-executor and is serving as co-trustee of the testamentary trust. Under the will the executor, during the administration of the estate, was permitted to distribute net income or principal to the testator's sister, Alma Fillman, as it deemed advisable for her care, support, maintenance, comfort and welfare.

The residue of the estate was placed in trust. The trustee was to distribute net income and principal to the testator's sisters, Alma and Louise Fillman. Upon their death the trustee was to distribute net income and principal to a family group consisting of nieces and nephews. Upon the death of the last to die of the family group the trustee was directed to divide the trust into equal shares so as to create one share for each member of the family group. A share for each member was then to be distributed, per stirpes, to that member's then living decedents.

Alma Fillman survived the testator and she was co-executor under the will and is co-trustee with the bank. The beneficiaries who brought this action are children of members of the family group.

The beneficiaries make no claim against the co-executor and co-trustee Alma Fillman. The petition charges the bank with a number of failures. It is said the bank, acting as executor and trustee: (1) failed to pay all estate and inheritance taxes; (2) created debt for the trust in violation of principles which prohibit self-dealing; (3)

created debt which would not "cash flow," that was bound to fail because available earnings could not retire the obligation; (4) failed to disclose and misrepresented facts; and (5) generally mismanaged the trust. It is alleged the trust, which had a net value of $1,890,509 at the time of the testator's death, is now insolvent. The petition asked for both compensatory and punitive damages.

The sole issue in this appeal is whether the beneficiaries are entitled to jury trial. The beneficiaries urge the proceeding is legal in nature and their claim is for money damages, a legal, not equitable remedy. The bank urges the beneficiaries' claims are equitable in nature and they are not entitled to legal remedy because there is no duty to pay money immediately and unconditionally to the beneficiaries.

■■■ The legal or equitable nature of the proceeding is to be determined by the pleadings, the relief sought, and the nature of the case. *Wetzstein v. Dehrkoop*, 241 Iowa 1237, 1246, 44 N.W.2d 695, 700 (1950). The fact that an action seeks monetary relief does not necessarily define the action as one at law. *Berry Seed Co. v. Hutchings*, 247 Iowa 417, 429, 74 N.W.2d 233, 240 (1956). The commencement of an action at law or an action in equity does not provide or deprive a party of the right to a jury trial of issues ordinarily triable to a jury. *See South Cent. Iowa Prod. Credit v. Scanlan*, 380 N.W.2d 699, 703–04 (Iowa 1986). We look at the essential nature of the cause of action, rather than solely at the remedy, to determine if a party is entitled to a jury trial. *Smith v. A.D.M. Feed Corp.*, 456 N.W.2d 378, 383 (Iowa 1990).

In *Cavanagh v. O'Connor*, 189 Iowa 171, 176 N.W. 881 (1920), an action was commenced by the guardian of the trust beneficiary against the trustees to enforce the terms of a trust. The terms of the trust required the trustees to provide for the beneficiary's necessities and care so long as he lived. The action was brought to recover a sum of money sufficient to pay for care which had been provided to the beneficiary. The trustees' motion to transfer to equity was denied by the trial court

and this ruling was affirmed on appeal. We stated:

> While a court of equity might have taken cognizance of this controversy, and, by decree, enforced the rights of this plaintiff against these defendants, yet its jurisdiction is not exclusive. Plaintiff, having invoked the aid of a court of law, is entitled to have his rights adjudged and adjusted in a court of law. The action is, in its nature, an action for money had and received for the use and benefit of this defendant, and such actions are not solely cognizable in a court of equity. It is the general holding that, where money is received for the use and benefit of another, and an express promise is made to pay it, an action at law may be maintained for its recovery. Of course, it is true, ordinarily, that an action at law for money had and received will not lie against the trustee while the trust is still open, but, where the instrument creating the trust contains an express promise to pay to the creator of the trust for his use and benefit, a law court will enforce the promise, and clearly so when the amount which the contract calls for is easily and definitely ascertainable. Thus it has been held that, where there is an express promise by the trustee to pay the beneficiary a certain part of the income, assumpsit will lie upon the promise.

189 Iowa at 177, 176 N.W. at 883.

■■■ These principles are stated in the *Restatement (Second) of Trusts*. Generally, the remedies of a beneficiary against the trustee are exclusively equitable. *See Restatement (Second) of Trusts* § 197 (1959). Thus, the beneficiary of a trust can maintain a suit: to compel the trustee to perform its duty; to enjoin the trustee from committing a breach of trust; to compel the trustee to redress a breach of trust; to appoint a receiver to take possession of the trust and administer the trust; to remove the trustee. *See Restatement (Second) of Trusts* § 199. A beneficiary of a trust may claim a legal remedy by an action at law if (1) the trustee is under a duty to pay money immediately and unconditionally to the beneficiary or (2) the trustee of

**334**

a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it. *See Restatement (Second) of Trusts* § 198.

We recognize the beneficiaries are not asking the trustee to put a certain amount of money back into the trust, *i.e.,* to redress a breach of trust. Rather theirs is a claim asking damages arising out of a breach of trust. However, their problem is they have no vested right to payment. The trustee is not under a duty to pay money immediately and unconditionally to them. Under the terms of the trust, they have a right to trust assets only after the death of several lives in being. Although a contingent remainderman may petition for a trust accounting, *see Cox v. Cox,* 357 N.W.2d 304 (Iowa 1984), a contingent remainderman cannot maintain an action at law against the trustee because the trustee has no present obligation to pay or turn over assets.

The district court correctly sustained the motion to strike the demand for jury.

AFFIRMED.