Roger WELTZIN, Arnold Noe, and Roland Riensche, For themselves and all other shareholders of Laporte City Cooperative Elevators, Appellants,

v.

Michael NAIL, James E. Johnson, Gary Wilt, Greg Wellman, Steve Vaughn, Rory Brown, Ron Bader, Marvin Brecher, John Lee, Gary Blocker, Nick Meier, Cobank, ACB, Kenneth Grant, and Laporte City Cooperative Elevators, Appellees.

No. 98–2114.

Supreme Court of Iowa.

Oct. 11, 2000.

Morris L. Eckhart, Vinton, for appellants.

Kelly R. Baier and Paul D. Burns of Bradley & Riley, P.C., Cedar Rapids, for appellee Michael Nail.

Gregory M. Lederer of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellees James E. Johnson, Gary Wilt, Greg Wellman, Steve Vaughn, Rory Brown, Ron Bader, Marvin Brecher, John Lee, Gary Blocker, and Nick Meier.

John M. Wharton of Peddicord, Wharton, Thune and Spencer, P.C., Des Moines, for appellees Cobank, ACB, and Kenneth Grant.

Gregory B. Wilcox of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, A.P.C., Des Moines, for appellee LaPorte City Cooperative Elevators.

SNELL, Justice.

This is an interlocutory appeal from the Black Hawk County District Court. The appellant shareholders contend that their demand for a jury trial in their derivative suit was improperly stricken. We granted review and affirm the district court's ruling.

I. Background Facts and Proceedings

The plaintiffs/appellants in this case are shareholders of LaPorte City Cooperative Elevators. On behalf of the company, they brought a shareholder's derivative lawsuit against its directors and officers. A derivative lawsuit is unique in that the shareholders allege the company's directors have directly harmed it by their acts and omissions such that the company has suffered a loss. The shareholders indirectly assert their rights through the rights of the company.

In the present suit, the shareholders assert that the company's former directors and officers committed multiple breaches. Specifically, the shareholders allege former manager Michael Nail committed a

negligent breach of his fiduciary duties and made fraudulent misrepresentations. They seek compensatory and punitive damages from Nail for his actions. The shareholders also contend that several former directors and the company's loan officer committed negligence in the performance of their duties. For these actions, the shareholders seek money damages. Although in equity, the shareholders filed a demand for jury trial with their petition.

In response to the petition, Nail answered with the affirmative defense of comparative fault, including a failure to mitigate damages, and asserted he was immune from liability for actions taken in performance of his duties. *See* Iowa Code § 499.59 (1997). Similarly, the other defendants asserted their immunity under section 499.59. All defendants joined in a motion to strike the jury demand made by the shareholders.

It is from this backdrop that the issue of the present appeal stems. The district court sustained the defendants' motion to strike the plaintiffs' demand for a jury trial. The court explained that a shareholder's derivative lawsuit could only be brought in equity and, therefore, no jury was warranted. While the court recognized that several claims and defenses were legal ones, because "the underlying essential character of the action [was] equitable in nature ... plaintiffs [were] not entitled to a jury trial."

The shareholders then timely filed an application for interlocutory appeal on the jury issue. The shareholders argue that because their suit raises legal issues and remedies they are entitled to a jury determination. Specifically, the issue is: Under Iowa law, do shareholders in a derivative lawsuit have the right to a jury, when several claims are legal in nature, all affirmative defenses are legal, and Iowa recognizes the general inviolate right to a jury trial, but the overall nature of the action is equitable?

## II. Scope of Review

An interlocutory appeal from a court in equity is reviewed de novo. *Sear v. Clayton County Zoning Bd. of Adjustment*, 590 N.W.2d 512, 515 (Iowa 1999); *see* Iowa R.App. P. 4. This court should "examine the entire record and adjudicate anew the rights on the issues properly presented." *In re Marriage of Maher*, 596 N.W.2d 561, 564 (Iowa 1999). Weight may be given to the court's findings, however, this court is not bound by them. *Sear*, 590 N.W.2d at 515. While de novo review allows the appellate court to consider the facts and issues in their entirety, the court can only review issues properly preserved. *In re Marriage of Hitchcock*, 265 N.W.2d 599, 606 (Iowa 1978). Error was preserved by the shareholders' timely application for interlocutory appeal on the jury issue.

## III. Issue on Appeal

Whether the plaintiff in a shareholder's derivative suit is entitled to a jury is a fairly unsettled question across the country. *Compare Nelson v. Anderson*, 72 Cal.App.4th 111, 84 Cal.Rptr.2d 753, 760 (1999) ("A minority shareholder's action for damages for the breach of fiduciary duties of the majority shareholder is one in equity, with no right to a jury trial."), *with Rocha Toussier y Asociados, S.C. v. Rivero*, 201 A.D.2d 282, 607 N.Y.S.2d 282, 282 (1994) (holding that the plaintiff in a shareholder's derivative suit was entitled to a jury where demand for relief was legal in nature although it also contained equitable demands).

While never addressing the derivative suit issue, we have recognized that there is no right to a jury trial generally in cases brought in equity. *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 896 (Iowa 1981). "Generally, if the cause of action is equitable in character, even in part, and equity jurisdiction once attaches, full and complete adjustment of the rights of all parties will be properly made in the suit." 27A Am.Jur.2d *Equity* § 5 (1996). Other

legal sources have reached a similar conclusion specifically regarding shareholder's derivative suits. *See generally* 19 Am. Jur.2d *Corporations* § 2373 (1986) ("[I]n the absence of statutory provisions to the contrary, ... in such a suit in state court, the stockholders are not entitled, as a matter of right to a trial by jury."). The shareholders here urge us to attach the right to a jury trial in equity because several of their claims and remedies are legal. They further argue that legal defenses raised should be heard by a jury.

## A. Iowa Jurisprudence

 Iowa has previously addressed the issue of jury trials in an equity case involving a trust. *Carstens v. Cent. Nat'l Bank & Trust Co.*, 461 N.W.2d 331 (Iowa 1990). As is the case here, *Carstens* came before this court on interlocutory appeal after the plaintiffs' jury demands were denied. *See id.* at 332. However, the trust case was originally brought at law. *Id.* We held that because the trust beneficiaries' rights had not yet vested, the suit could only be brought in equity, and thus, plaintiffs were not entitled to a jury determination. *Id.* at 333–34. The relevant portion of the opinion is the court's discussion of the distinction between equity and law suits. *Id.* at 333. We stated: "The commencement of an action at law or an action in equity does not provide or deprive a party of the right to a jury trial of issues ordinarily triable to a jury." *Id.* This statement was made in the context of a case improperly filed at law.

 That being said, we later concluded that no jury was warranted because the action was actually one in equity. *Id.* at 334. The court also stated: "We look at the *essential nature* of the cause of action, rather than solely at the remedy, to determine if a party is entitled to a jury trial." *Id.* at 333 (emphasis added); *see Moser,* 312 N.W.2d at 895 (finding that the fact the remedy is legal in nature does not automatically take the case out of the purview of the equity court). This suggests

that the remedy sought is of minimal importance—it is the nature of the cause of action, *i.e.,* where the case is properly docketed, that is the deciding factor.

 It should be noted that in *Carstens* there was a dispute about what type of action the trust claim was, legal or equitable. *See Carstens,* 461 N.W.2d at 332–34. Here, it is clear that the nature of a shareholder's derivative suit is equitable only. *See Holi–Rest, Inc. v. Treloar,* 217 N.W.2d 517, 523 (Iowa 1974) ("A shareholder's derivative action is equitable in nature."). This fact is admitted by the shareholders. Likewise, there is no common law counter-part to a derivative suit available to shareholders. The derivative suit exists only in equity. Moreover, because the nature is known here, *Carstens* has bearing on the present case only to the extent that the court held the remedy sought is *not* the deciding factor to obtain a jury. *See Carstens,* 461 N.W.2d at 333.

## 1. The Effect of Legal Remedies Sought on the Equitable Claim

In their brief, the shareholders urge us to accept the proposition that "[t]he essential character of a cause of action to determine whether the right to jury trial exists is the *relief* it seeks." In support of this statement, the shareholders cite *Carstens.* This is a misstatement of the court's holding in that case. As noted earlier, the court explained that it was the *nature* of the case itself rather than solely the remedy that tips the balance in favor of or against providing a jury. *Id.* The court found that even though the trust beneficiaries were seeking money damages, a *legal* remedy, because the case could only be founded in equity, there was no right to a jury. *Id.* at 333–34 ("Generally, the remedies of a beneficiary against the trustee are exclusively equitable.... The district court correctly sustained the motion to strike the demand for jury.").

### 2. The Effect of Legal Defenses Asserted on the Equitable Claim

 The shareholders also assert that a jury should hear legal defenses raised. Regarding legal defenses in equity, several Iowa cases have held:

We have recognized that a defendant has no right to a trial by jury of law issues raised in the answer to an action properly brought in equity. Once equity has obtained jurisdiction of a controversy the court will determine all questions material or necessary to accomplish full and complete justice between the parties, even though in doing so the court may be required to pass upon certain matters ordinarily cognizable at law.

*In re Marriage of Stogdill,* 428 N.W.2d 667, 670 (Iowa 1988); *see also Grandon v. Ellingson,* 259 Iowa 514, 518–19, 144 N.W.2d 898, 901 (1966) ("Equity had jurisdiction of the controversy and the raising of defenses not solely cognizable at law did not give defendant the right to a law trial on these issues.... Equity may determine all matters both legal and equitable when the controversy is properly before it.").

 Similarly, if an action was brought at law, and an equitable defense raised, that would not invoke equity jurisdiction automatically. 27A Am.Jur.2d *Equity* § 5. It should follow then that invoking a legal defense in a shareholder's derivative suit does not defeat equitable jurisdiction.

### 3. The Effect of a Counterclaim on the Equitable Claim

 Iowa does provide the right to a jury trial for defendants who assert a legal counterclaim in an equity action. *See Conrad v. Dorweiler,* 189 N.W.2d 537, 538–39 (Iowa 1971) (holding that this is true where the counterclaim raises severable issues); *see also* 27A Am.Jur.2d *Equity* § 235 ("A defendant also may have a right to jury trial if he or she is required compulsorily to assert his or her legal counterclaim...."). While Iowa courts

have recognized that not all equity cases can proceed without a jury on every issue, we choose not to extend this holding to the plaintiffs in a shareholder's derivative suit.

### B. Federal Jurisprudence

 The United States Supreme Court has oppositely ruled on this issue and held that a plaintiff in a shareholder's derivative suit, although in equity, is entitled to a jury under the Seventh Amendment. *Ross v. Bernhard,* 396 U.S. 531, 532–37, 542, 90 S.Ct. 733, 735–38, 740, 24 L.Ed.2d 729, 733–36, 738 (1970). However, the persuasion of this case is hindered by the fact that the Seventh Amendment has never been made applicable to the states. *See Iowa Nat'l Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724, 726 (Iowa 1981); *see also Rankin v. Frebank Co.,* 47 Cal.App.3d 75, 121 Cal.Rptr. 348, 358–59 (1975) (holding that the Court's decision in *Ross* was unavailable to plaintiffs in a shareholder's derivative suit in their attempt to secure a jury).

### 1. Comparison Between Federal and Iowa Jury Provisions

 The Seventh Amendment states in part that "the right of trial by jury shall be preserved...." U.S. Const. amend. VII; *see also* Fed.R.Civ.P. 38 ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."). Similarly, the Iowa Constitution proclaims: "The right of trial by jury shall remain inviolate...." Iowa Const. art. I, § 9. While not identical, both federal and state provisions appear to provide the same general preference for jury trials. Iowa has not made this mandate limitless, however, evidenced by its own civil rules. "Issues for which a jury is demanded shall be tried to a jury *unless* the court finds that there is *no* right thereto...." Iowa R. Civ. P. 178 (emphasis added).

This rule recognizes that in some cases, there is simply no right to a jury.

Ordinarily, the "Seventh Amendment does not preserve the right to trial by jury in equity actions...." 27A Am.Jur.2d *Equity* § 234. Likewise, a derivative suit can only be brought in equity because "[t]he common law refused ... to permit stockholders to call corporate managers to account in actions at law" where a jury would be available. *Ross,* 396 U.S. at 534, 90 S.Ct. at 736, 24 L.Ed.2d at 733–34. Nonetheless, the Supreme Court found this right did exist in an equitable derivative action where "the corporation, if it had been suing in its own right, would have been entitled to a jury." *Id.* at 532–33, 90 S.Ct. at 735, 24 L.Ed.2d at 733.

### 2. *Ross*'s Usefulness Under Our Circumstances

In *Ross,* the Court specifically disagreed with the proposition that "in no event does the right to a jury trial extend to derivative actions brought by the stockholders of a corporation." *Id.* at 532, 90 S.Ct. at 735, 24 L.Ed.2d at 733. The Court declared that "legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit." *Id.* at 537, 90 S.Ct. at 738, 24 L.Ed.2d at 736.

Similar to our facts, in *Ross,* the shareholders of Lehman Corporation brought a derivative suit on behalf of the corporation alleging breach of fiduciary duties and negligence and requesting money damages. *Id.* at 541, 90 S.Ct. at 740, 24 L.Ed.2d at 738. Generally, a fiduciary duty claim is one reserved for equity. However, tort claims such as negligence, breach of contract (asserted in *Ross* ), and fraudulent misrepresentation (asserted in the present case) are direct wrongs against the corporation itself where the corporation could sue at law to obtain relief. The Supreme Court questioned why, when these legal claims were raised by shareholders instead, the " 'right to a jury trial should be taken away because the

present plaintiff [could not] persuade the only party having a cause of action to sue ...'?" *Id.* at 535, 90 S.Ct. at 736, 24 L.Ed.2d at 734 (quoting *Fleitmann v. Welsbach St. Lighting Co. of Am.,* 240 U.S. 27, 28, 36 S.Ct. 233, 234, 60 L.Ed. 505, 506 (1916)). Accordingly, it held that the legal claims must be heard by a jury under the Seventh Amendment. *Id.* at 541, 90 S.Ct. at 740, 24 L.Ed.2d at 738.

### 3. Determining Which Issues Are Legal

If we adopt the holding in *Ross,* it would then be necessary to determine which of the shareholders' claims in the present case are legal such that they should be heard by a jury. Fraudulent misrepresentation is a legal claim. *See Steckelberg v. Randolph,* 448 N.W.2d 458, 459 (Iowa 1989). *But see* 27A Am.Jur.2d *Equity* § 6 (stating that fraud is one of the "most important grounds for equitable intervention"). Negligence is a legal claim. *See Bohan v. Hogan,* 567 N.W.2d 234, 237 (Iowa 1997). Breach of fiduciary duty is an equitable claim. *Cunningham v. Kartridg Pak Co.,* 332 N.W.2d 881, 883 (Iowa 1983) ("As a matter of general corporate law, shareholders have no claim for injuries to their corporations by third parties unless within the context of a derivative action.").

Confusion would be triggered when negligence or fraud were the actions that caused the alleged equitable breach. A breach of fiduciary duty claim is not an individual tort in its own right at common law. *Clinton Land Co. v. M/S Assocs., Inc.,* 340 N.W.2d 232, 234 n. 1 (Iowa 1983). It is usually brought at law, bootstrapped by a tort like negligence or fraudulent misrepresentation. *See id.* However, it is a recognized individual claim in equity under a derivative suit. *Rowen v. LeMars Mut. Ins. Co.,* 282 N.W.2d 639, 651–52 (Iowa 1979); 27A Am.Jur.2d. *Equity* § 6.

The question here becomes, if this court were to adopt the *Ross* reasoning, would

the negligence and fraud claims be severable from the breach of duty claim such that a jury should hear them? Were we to adopt *Ross*, this would create quite a quandary for the lower courts to distinguish between the claims. For this reason, as well as those stated throughout the opinion, we choose not to extend the Supreme Court's holding in relation to the Seventh Amendment to shareholder's derivative suits brought in Iowa.

The *Ross* minority similarly recognized this classification problem created by the majority. *See Ross*, 396 U.S. at 550, 90 S.Ct. at 744, 24 L.Ed.2d at 743 (Stewart, J., dissenting). Justice Stewart stated:

> The fact is, of course, that there are, for the most part, no such things as inherently "legal issues" or inherently "equitable issues." There are only factual issues, and like chameleons [they] take their color from surrounding circumstances. Thus, the Court's "nature of the issue" approach is hardly meaningful.

*Id.* (Stewart, J., dissenting) (quotations and footnote omitted).

■ The issue of money damages makes it no clearer. "[A]n action seeking recovery of monetary damages will generally give rise to a right to trial by jury...." 19 Am.Jur.2d *Corporations* § 2465; *see Carstens*, 461 N.W.2d at 333. However, just because shareholders are seeking money damages in a derivative suit does not mean a jury is warranted because the derivative suit itself is founded in equity. 19 Am.Jur.2d *Corporations* § 2465. The Minnesota Supreme Court has addressed the issue of money damages in an equity case and held: "[A] right to a jury trial is not guaranteed merely because plaintiffs only seek monetary damages." *Uselman v. Uselman*, 464 N.W.2d 130, 137 (Minn.1990). A request for reimbursement/restitution disguised as money damages is properly heard in equity. *See id.*

■ In the present case, the shareholders seek money damages for the actions of the officers and directors that led to LaPorte City Cooperative Elevators losing a substantial amount of money by, *e.g.*, failing to collect on accounts receivable, failing to comply with the company's credit policy, and failing to maintain awareness about the company's financial situation. Through the defendant's actions, the shareholders are alleging the company lost money. Thus, they are actually seeking restitution, styled as money damages. Restitution is defined as an "[a]ct of ... restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury...." Black's Law Dictionary 1477 (rev. 4th ed.1968). Restitution is an equitable remedy which creates no right to a jury. *See Krinsk v. Fund Asset Mgmt., Inc.*, 875 F.2d 404, 414 (2d Cir.1989).

■ Money damages to remedy the corporation are not uncommon in derivative suits—yet the case remains in equity. *See generally Rowen*, 282 N.W.2d at 656 ("[A] money award in a derivative suit is more appropriately referred to as a judgment for restitution rather than as one for damages.... [W]e use the terms interchangeably."). Similarly, punitive damages, like the kind asked for in the present case, are also within the purview of the equity court. *Holden v. Constr. Mach. Co.*, 202 N.W.2d 348, 359 (Iowa 1972) (holding this is true even where no actual damages can be shown); *Charles v. Epperson & Co.*, 258 Iowa 409, 432, 137 N.W.2d 605, 617–618 (1965) (finding exemplary damages appropriate for defendant's fraudulent conduct). *But see Fleitmann*, 240 U.S. at 28–29, 36 S.Ct. at 234, 60 L.Ed. at 506–07 (declaring claims for treble damages should be heard by a jury).

4. The National Treatment of *Ross* Regarding Derivative Suits

It should be noted there was a strong dissent in *Ross* claiming the majority opinion was ill-conceived and biased in favor of

more juries. *Ross*, 396 U.S. at 543–51, 90 S.Ct. at 740–45, 24 L.Ed.2d at 739–43 (Stewart, J., dissenting). Specifically, the dissent argued the Seventh Amendment only preserved the right to a jury trial to suits cognizable at common law. *Id.* at 543, 90 S.Ct. at 741, 24 L.Ed.2d at 739 (Stewart, J., dissenting). A shareholder's derivative suit does not exist under common law and is solely a case in equity regardless that legal issues are raised.

> [W]hen the Court said ... "it is clear" that the remedy of a stockholder seeking to enforce the rights of a corporation—whatever their nature—is not in law but in equity, it was not because there were "procedural impediments" to a jury trial on "legal issues." Rather, it was because the suit itself was conceived of as a wholly equitable cause of action.

*Id.* at 547, 90 S.Ct. at 742, 24 L.Ed.2d at 741 (Stewart, J., dissenting) (quoting *United Copper Sec. Co. v. Amalgamated Copper Co.*, 244 U.S. 261, 264, 37 S.Ct. 509, 510, 61 L.Ed. 1119, 1125 (1917)).

Many states have taken the same approach and not afforded the right to a jury in derivative suits because of their equitable nature. *See, e.g., Hames v. Cravens*, 332 Ark. 437, 966 S.W.2d 244, 246–48 (1998); *Rankin*, 121 Cal.Rptr. at 358–59; *Lanman Lithotech, Inc. v. Gurwitz*, 478 So.2d 425, 426–27 (Fla.Dist.Ct.App.1985); *see also Uselman*, 464 N.W.2d at 137–38 (finding in Minnesota there is no right to a jury in any case in equity); *Hashem v. Taheri*, 82 Md.App. 269, 571 A.2d 837, 840 (1990) (holding that a plaintiff in equity was only entitled to a jury on the issue of standing).

Alabama, New York, and Wyoming have parted with the trend and extended the right to a jury to legal issues raised in derivative suits. *Finance, Inv. & Rediscount Co. v. Wells*, 409 So.2d 1341, 1344 (Ala.1981); *Rivero*, 607 N.Y.S.2d at 282; *Hyatt v. Hyatt*, 769 P.2d 329, 333–34 (Wyo. 1989). For a detailed discussion of the national treatment of this issue, see Jean E. Maess, Annotation, *Right to Jury Trial in Stockholder's Derivative Action*, 32 A.L.R.4th 1111 (1984 & Supp.1999).

The national trend appears to agree with the *Ross* dissent. Among the handful of states that allow a jury to hear legal issues stemming from equitable suits, many only provide advisory juries. *See, e.g., Synacek v. Omaha Cold Storage Terminals*, 247 Neb. 244, 526 N.W.2d 91, 94 (1995), *overruled on other grounds by Billingsley v. BFM Liquor Mgmt., Inc.*, 259 Neb. 992, 613 N.W.2d 478 (2000); *Bowers v. Westvaco Corp.*, 244 Va. 139, 419 S.E.2d 661, 666 (1992). Advisory juries are implicated where it is first recognized that the "issues are not triable by jury as a matter of right." 27A Am.Jur.2d *Equity* § 236. The plaintiff is able to present his case to a jury, but the court is not bound by the jury's recommendation. We have never recognized the usefulness of this process, nor do we do so today.

### C. Complexity of the Derivative Suit and Its Effect on Due Process

Lastly, this court recognizes that in a shareholder's derivative suit a judge is simply better equipped to hear the complicated corporation and duty claims. *See Alsea Veneer, Inc. v. State*, 318 Or. 33, 862 P.2d 95, 100 (1993) ("An equity court is better able to decide questions relating to the exercise of corporate discretion than is a jury."). The *Ross* dissent addressed the complexity problem: "[W]here the issues in the case are complex—as they are likely to be in a derivative suit—much can be said for allowing court discretion to try the case itself." *Ross*, 396 U.S. at 545 n. 5, 90 S.Ct. at 741 n. 5, 24 L.Ed.2d at 740 n. 5 (Stewart, J., dissenting). For this reason, Justice Stewart boldly concluded that the majority's opinion had "a questionable basis in policy and no basis whatsoever in the Constitution." *Id.* (Stewart, J., dissenting).

To adopt a similar public policy argument today does not offend any constitutional right to a jury because generally

this right does not exist in equity. *See* 27A Am.Jur.2d *Equity* § 236. Moreover, allowing this type of complex case to be adjudicated by a jury may actually *offend* Iowa's constitutional mandate of due process under article I, section 9. Not only does our constitution declare that the right to a jury trial is inviolate, it also provides: "[N]o person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9. This is significant because several courts have denied "the parties a jury trial, reasoning that because a competent jury cannot be impaneled to decide such cases, the due process right to a fair trial is violated if the jury resolves the dispute." Keith Broyles, Note, *Taking the Courtroom into the Classroom: A Proposal for Educating the Lay Juror in Complex Litigation Cases,* 64 Geo. Wash. L.Rev. 714, 716 (1996).

The Supreme Court in *Ross* listed juror competence as one of the considerations to be used when determining if a jury is warranted. *Ross,* 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10, 24 L.Ed.2d at 736 n. 10. It recognized that "the practical abilities and limitations of juries" could be an important factor in complex derivative suits. *Id.* Several courts following *Ross* have concluded that case complexity may indeed trump the right to a jury in order to satisfy due process requirements. *See, e.g., In re Japanese Elec. Prods. Antitrust Litig.,* 631 F.2d 1069, 1084–89 (3d Cir.1980); *Bernstein v. Universal Pictures, Inc.,* 79 F.R.D. 59, 66–70 (S.D.N.Y. 1978). Factors used to consider complexity are the amount of discovery, length of trial, difficulty of case concepts, intricacy of expert testimony, etc. *In re Japanese,* 631 F.2d at 1088–89.

Certainly case complexity is present in almost every shareholder's derivative suit because the jury is asked to pass judgment on the intricate workings of a corporation. Often concepts like the business judgment rule and breach of fiduciary duty are difficult to understand. *See Alsea Veneer, Inc.,* 862 P.2d at 100. Similar-

ly, derivative suits usually involve voluminous amounts of discovery and records to trace the actions of the corporation's officers and directors. With massive discovery comes increased length of trial. Moreover, there may be several plaintiffs and multiple defendants each being represented by different counsel. The present case is no exception. The shareholders are alleging negligence occurred over an extended period of time and was committed by multiple officers, directors, and contractors. Such a make-up is a recipe for complexity. Because juror competence would be challenged in almost every derivative suit, the court is further persuaded not to provide a jury.

Much has been written about the necessity of having equitable cases heard by a judge.

> Disregarding the traditions which underlie the jury as an institution, the use of twelve individuals drawn at random with diverse education, intellectual ability, and occupations, but lacking the specialized knowledge and ability to evaluate testimony, is clearly not an ideal system for determining facts in litigation. No matter how kindly one views the jury there is no question that at times its verdict represents fiction and not fact.

8 James Wm. Moore et al., *Moore's Federal Practice* § 38.101 app. (3d ed.2000). Our jurisprudence has never provided an absolute right to a jury trial in every case. One modern jurist recognized: "Of course, in a very considerable number of cases, no right to trial by jury exists because of historically determined fortuities.... Were jury trial as beneficent as its ardent devotees proclaim, such differences would be indefensibly irrational." *Skidmore v. Baltimore & O.R. Co.,* 167 F.2d 54, 57 n. 6 (2d Cir.1948). This court agrees that equity does not require trial by jury in a derivative suit.

IV. Conclusion

.We deny the shareholders the right to a jury trial in this case because their right to

bring a derivative suit exists only in equity where there is no general preference for a jury trial. To provide an avenue for shareholders to have a jury for their legal claims would prove inefficient and overly burdensome on the lower courts as well as untrained juries. To hold otherwise would further complicate already complex cases and force the court to determine which issues are legal and which are purely equitable prior to hearing an issue or submitting it to a jury.

**DECISION OF THE DISTRICT COURT AFFIRMED; CASE REMANDED FOR FURTHER PROCEEDINGS.**

All justices concur except TERNUS, J., who takes no part.