# IN THE COURT OF APPEALS OF IOWA

No. 18-0504
Filed February 6, 2019

**JOHN DOE and JAMES DOE,**
　　　Plaintiffs-Appellants,

**vs.**

**SALLY J. GILL,**
　　　Defendant-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

On interlocutory appeal, the plaintiffs appeal the district court's ruling requiring them to amend or restate their petition to bring their lawsuit in their real names. **REVERSED AND REMANDED.**

Dean A. Fankhauser of Fankhauser Rachel, PLC, Sioux City, for appellants.

John S. Moeller of John S. Moeller, PC, Sioux City, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

The question before us is whether John Doe and James Doe, who are both HIV positive,[1] can proceed in an action against Sally Gill for disseminating information about their diagnoses without using their own names in the public court filings.

John and James filed their lawsuit asking for monetary damages and alleging Gill had invaded their privacy, intentionally inflicted emotional distress, interfered with their business relations, and violated Iowa Code chapter 141 (2017). At the same time, they also filed a protected information disclosure form, which provided their real names and the necessary identification information. The lawsuit proceeded under the names John and James Doe until Gill filed a motion to require the plaintiffs to prosecute their case in the names of the real parties at interest. John and James resisted, and the district court held an unreported hearing on the issue.

The court ultimately granted Gill's motion, stating:

No procedure exists in the Iowa Rules of Civil Procedure for the filing of plaintiff John Doe petitions in Iowa.
    The court is concerned with the practicalities of how this case could be tried to a jury without identification of the plaintiffs. Protection of confidential information in the restated or amended petition may be addressed by appropriate motions to increase security setting on any amended or substituted petition.

---

[1] John and James assert in their appellate brief that they are HIV positive. They do not cite to the record for support of this fact, and we have found no evidence in the record that establishes it. Gill seems to challenge it, as in her answer to the plaintiffs' petition, she "denied" their claim that they have a known medical diagnosis that is required to be told to biological parents of children placed in their care as foster parents. Additionally, in her appellate brief, Gill states that the plaintiffs allege they have such a medical condition. For the purpose of this appeal, we assume without deciding that John and James are HIV positive.

John and James appeal.

First, John and James assert this matter is in equity and thus we may fashion an equitable solution. But this is properly an action at law. *See Weltzin v. Nail*, 618 N.W.2d 293, 297 (Iowa 2000) (noting that in determining whether an action is one in equity or at law, "the remedy sought is of minimal importance—it is the nature of the cause of action, i.e. where the case is properly docketed, that is the deciding factor"); *Biermann v. Guaranty Mut. Life. Ins. Co.*, 120 N.W. 963, 964 (Iowa 1909) ("Generally speaking, equity has no jurisdiction where there is an adequate remedy at law."); *Wenger v. Crooked Creek Shooting Preserve*, No. 07-1643, 2008 WL 2520787, at *2 (Iowa Ct. App. June 25, 2008) (providing torts claims are normally tried at law). Moreover, the district court also understood this to be an action at law, as it noted in its ruling that the case would ultimately be tried to a jury. *See Weltzin*, 618 N.W.2d at 296–97 (acknowledging there is generally no right to a jury trial in cases brought in equity).

John and James acknowledge Iowa Rule of Civil Procedure 1.201, which provides, in part, "Every action must be prosecuted in the name of the real party in interest." However, they assert that Iowa Rules of Electronic Procedure provide for the confidential filing in this instance and maintain the rules related to electronic procedure control. *See* Iowa R. Elec. P. 16.103 ("To the extent these rules are inconsistent with any other Iowa court rule, the rules in this chapter govern electronically filed cases and cases converted to electronic filing."). We agree.

Rule 16.601(1)(a) places responsibility on the filer of an electronic document "to ensure that protected information is omitted or redacted from documents before the documents are filed." Rule 16.602 provides a list of items

that fall within "protected information," such as social security numbers, names of minor children, and financial account numbers. Protected information also includes "confidential information as defined in rule 16.201." Iowa R. Elec. P. 16.602. "'Confidential' means court files, documents, or information excluded from public access by federal or state law or administrative rule, court rule, court order, or case law." Iowa R. Elec. P. 16.201(1).

John and James maintain their HIV diagnoses are confidential or protected information. They rely upon Iowa Code section 141A.9(1), which provides:

> Any information, including reports and records, obtained, submitted, and maintained pursuant to this chapter [Acquired Immuned Deficiency Syndrome (AIDS)] is strictly confidential medical information. The information shall not be released, shared with an agency or institution, or made public upon subpoena, search warrant, discovery proceedings, or by any other means except as provided in this chapter. A person shall not be compelled to disclose the identity of any person upon whom an HIV-related test is performed, or the results of the test in a manner which permits identification of the subject of the test, except to persons entitled to that information under this chapter.

Our supreme court has also recognized the confidential nature of such a diagnosis. *See State v. Musser*, 721 N.W.2d 734, 742 (Iowa 2006). In *Musser*, the court considered whether a statute that made it a crime for a "person, knowing that the person's human immunodeficiency virus status is positive, . . . [to] engage[] in intimate contact with another person" unless the other person consented to the exposure to the virus, violated the defendant's First Amendment right to free speech. *Id.* at 741. The State maintained the statute did not "compel speech," arguing that the other person could learn of the defendant's HIV status from any source. *Id.* at 742. The court dismissed this argument, reasoning:

> Even though [the statute] does not explicitly require disclosure by the defendant, we think the practical effect of the Iowa statute is the same as those statutes mandating disclosure. To avoid violating [the statute], a defendant must rely on the consent defense set out in section 709C.1(5). Realistically, the only way a defendant can be assured the victim knowingly consents to exposure is for the defendant to tell the victim of the defendant's HIV status. *The unlikelihood of the victim obtaining this knowledge in any other way is underscored by the confidential nature of this medical information.* *See* Iowa Code § 141A.9(1) ("Any information, including reports and records, obtained, submitted, and maintained pursuant to this chapter [Acquired Immune Deficiency Syndrome (AIDS)] is strictly confidential medical information."); *see also id.* § 622.10 (preventing medical professional from disclosing confidential communications). In other words, the only way a potential victim will know the defendant is HIV positive is if the defendant discloses this fact or otherwise waives the privilege protecting this fact from disclosure by his treatment providers.

*Id.* (final alteration in original) (emphasis added).

While we do not believe section 141A.9 is directly on point, as requiring John and James to file their legal action in their real names is not the same as allowing medical test results to be released to the public, we are convinced their HIV-positive status is information that is generally excluded from public access and thus falls within protected information that is prohibited from being disclosed in electronic court documents.

Moreover, were we to apply the balancing test our court previously recognized in a case considering a plaintiff's right to proceed anonymously, we would find in favor of John and James. *See Riniker v. Wilson*, 623 N.W.2d 220, 227 (Iowa 2000) ("We find persuasive [the] argument courts should be required to balance the relative interests of the parties and the public before granting a plaintiff permission to proceed anonymously."). Our legislature has recognized that individuals have a privacy interest in their status as HIV positive and has even

provided a cause of action when that privacy interest is ignored. *See* Iowa Code § 141A.11(1) (providing that a person whose diagnosis as having HIV or AIDS is improperly shared "shall have a right of civil action for damages in district court"). We agree with the plaintiffs that this provision for a cause of action is less meaningful if the party seeking a remedy for the wrongful disclosure of their status is forced to further broadcast this private information in order to obtain relief. Moreover, Gill has not offered any argument as to why the real names of John and James are necessary in order for the suit to proceed. We acknowledge the district court's question of how this action can be tried by a jury, but we believe John and James should be allowed to fashion a procedure that allows the case to proceed without undermining their right to confidentiality.

Thus, we reverse the district court order requiring John and James to amend or restate their petition and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**